IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>    Petitioner,<br><br><br><br>       vs.<br><br><br>CLINT FRIEL, Warden of the Utah State Prison, Department of Corrections, State of Utah,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING STAY AND ABEYANCE UNDER *RHINES*<br><br><br><br>Case No. 2:02 CV 326 TS |

This matter is before the Court on Petitioner's request for a *Rhines*[1] stay and abeyance of this case to allow him to exhaust his unexhausted claims in state court.

### I. Introduction

Before the enactment of AEDPA's[2] strict limitations period, mixed petitions under § 2254[3]–meaning those containing claims both exhausted and unexhausted in state

---

[1] *Rhines v. Weber*, 125 S.Ct. 1528 (2005).

[2] Antiterrorism and Effective Death Penalty Act of 1996.

[3] 28 U.S.C. §2254.

court–were dismissed without prejudice to allow an attempt to exhaust claims in state court.  After AEDPA, such dismissals raise serious limitations problems because AEDPA's strict one-year statute of limitations may subsequently bar refiling of some claims.  The Supreme Court in *Rhines* addressed this problem by allowing a stay and abeyance procedure if a petitioner meets three requirements–"if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[4]  The issue now before the Court is Petitioner's contention that the alleged ineffective assistance by his counsel, especially his counsel in his state post-conviction proceedings, is "good cause" for his failure to have exhausted his claims in the state courts.

Recognizing that this is a rapidly developing area of the law, the Court finds that Petitioner's allegation of ineffective assistance of post-conviction counsel does not establish good cause for the failure to exhaust state remedies within the meaning of *Rhines* and that his claims are not potentially meritorious as required by *Rhines* because he has not shown that he has a presently available state remedy.  Accordingly, the Court denies Petitioner's request for a stay and abeyance.

---

[4]*Rhines*, 125 S.Ct. at 1535.

## II.  Background

The factual and procedural history of this case has been set forth in the Court's prior opinions and need not be repeated here.[5]  In its prior Order the Court requested Petitioner to brief the *Rhines* issues as follows:

> Petitioner shall file a supplemental brief addressing the *Rhines* factors separately for each of the claims the court finds . . . are not exhausted.  As to each such claim, Petitioner should submit his position on whether he had good cause for his failure to exhaust such claim, whether the claim is potentially meritorious and, to the extent applicable, the "intentionally dilatory litigation tactics" factor discussed in *Rhines*.  On the meritorious prong, Petitioner shall address whether the claim could be pursued by a presently available state remedy.[6]

## III.  Parties' Contentions

Addressing the first *Rhines* factor, good cause for failure to exhaust, Petitioner contends that ineffective assistance of counsel at every stage of his state criminal and habeas proceedings provides good cause for his failure to exhaust his claims in the state courts.  In particular, he claims that the failure to exhaust the issues in his state habeas petition resulted from the alleged inexperience and ineffectiveness of one of his appointed counsel in his state post-conviction proceedings.[7]  That counsel was, until his recent untimely death,[8] also representing Petitioner in the present case.

---

[5]*E.g.* Docket No. 136, July 18, 2005, Memorandum Decision and Order Denying Motion to Dismiss on Grounds of Time Bar.

[6]*Id.* at 16.

[7]See Docket No. 58, June 10, 2003 Order Denying Respondent's Motion Re: Compliance with AEDPA "Opt-in" Provisions at 2-7 (history of Petitioner's obtaining counsel in state habeas proceeding).

[8]*See* Supp. Brief, at 8 and n.2.

3

Respondent contends that in interpreting "good cause" for failure to exhaust under *Rhines*, the Court should look to the analogous requirement that a petitioner show "cause" to excuse procedural default in federal habeas law.[9]  Respondent contends that while ineffective assistance of counsel meeting the two-pronged *Strickland*[10] test may constitute cause to excuse procedural default, *Strickland* is not applicable because ineffective assistance of post-conviction counsel is not cause to excuse procedural default,[11] and Petitioner's claims regarding his counsel at trial and direct appeal are themselves unexhausted.

Addressing the second *Rhines* factor, meritoriousness of his claims, Petitioner contends that the Rule 12(b)(6)[12] dismissal standard applies to determine if his claims are potentially meritorious.  He contends that his claims are meritorious in that he has a presently available state remedy because the "woefully inadequate assistance of counsel

---

[9]*E.g. Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 2000) (federal court will not consider issues defaulted in state court on independent and adequate state grounds unless petitioner can demonstrate cause and prejudice for default or a fundamental miscarriage of justice)(relying on *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).  The miscarriage justice exception requires a claim of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 327 (1995), which Petitioner does not make in the present case.

[10]*Strickland v. Washington*, 466 U.S. 668, 687 (1984) (ineffective assistance of counsel can be cause for default if (1) counsel's performance fell below an objective standard of reasonableness and (2) that the deficient performance was prejudicial to his defense).

[11]*Coleman*, 501 U.S. at 752-53. Respondent further notes that Petitioner's allegations regarding the inexperience  and ineffectiveness of Petitioner's deceased post-conviction counsel appear only in the form of argument of counsel in the brief, and seeks to strike those allegations.  Resp.'s Br. at 9 n.2.

[12]Fed. R. Civ. P. 12(b)(6).

that he received in the state courts"[13] qualifies him for relief from the Utah PCRA's[14] bar to a second petition under the *Hurst*[15] good cause exceptions.

Respondent contends that Petitioner has not shown that he has any presently available state remedy because his state remedies are procedurally barred as well as time-barred in state court.  Respondent argues that because all of the unexhausted claims are procedurally barred, Petitioner's claims are not potentially meritorious.

Addressing the third *Rhines* factor, Petitioner contends that there is no evidence that he has engaged in intentionally dilatory litigation tactics. Respondent contends that Petitioner's course of conduct in this proceeding does show intentionally dilatory litigation tactics.

IV.  Rule 12(b)(6) Standard Not Applicable

As an initial matter, Petitioner contends that the "potentially meritorious" or "plainly meritless" factor from *Rhines* is analogous to the standard for dismissal of a claim under Rule 12(b)(6).  A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling it to relief under its theory of recovery.[16]   Under that standard, Petitioner argues that he is entitled to a stay

---

[13]Supp. Br. at 28-9.

[14]Utah Post-Conviction Remedies Act, Utah Code Ann. §§ 78-35a-101 to -106.

[15]*Hurst v. Cook*, 777 P.2d 1029, 1036-37 (Utah 1989).

[16]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

unless Respondent demonstrates beyond a doubt that he can prove no set of facts in support of his unexhausted claims that would entitle him to relief.[17]

Respondent contends that the Rule 12(b)(6) standard for pleading is not applicable to habeas petitions because of the higher pleading standard applicable to habeas petitions, which must state facts with sufficient particularity to withstand summary dismissal without responsive pleadings.[18]

The Court finds that the Rule 12(b)(6) standard has no applicability to the standard for a *Rhines* stay. Instead, Petitioner, as movant, has the burden to show he is entitled to a stay under the *Rhines* factors.

## V.  *Rhines* Factors

### A.  Good Cause for Failure to Exhaust

In *Rhines*, the Supreme Court did not explain what would constitute good cause for the failure to exhaust. The Supreme Court did subsequently discuss the *Rhines* good cause factor in dicta in *Pace*,[19] finding a federal habeas petition to be time barred:

> [Petitioner] claims that a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed," and thus that his federal habeas petition is time barred. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion

---

[17]Supp. Br. at 17.

[18]*Mayle v. Felix*, 125 S.Ct. 2562 (2005) (quoting Habeas Corpus Rule 2(c) and holding it is more demanding that Fed. R. Civ. P. 8).

[19]*Pace v. DiGuglielmo*, 125 S.Ct. 1807,1813-14 (2005).

about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.[20]

*Pace* does not, however, answer the question of whether ineffective assistance of post-conviction counsel would be good cause under *Rhines* for the failure to exhaust in state proceedings.   The Tenth Circuit has not yet ruled on this issue.   In other jurisdictions, there is a developing split of authority on the issue.[21]  The district court handling the *Rhines* case on remand[22] cited the developing case law:[23]

> [T]his court believes that the Supreme Court suggested a more expansive definition of "good cause" in *Pace* and *Rhines* than the showing needed for "cause" to excuse a procedural default.   In *Pace,* the Supreme Court acknowledged that "reasonable confusion" about timeliness was sufficient to meet the cause requirement.   Reasonable confusion on the part of a petitioner is less stringent than acts that have been found sufficient to establish cause for procedural default.[24]

---

[20]*Id.* (citing *Rhines*, 125 S.Ct. 1531) (internal quotations partially omitted) *See also Menzies v. Friel*, 2005 WL 2138653 (D. Utah 2005) (applying *Pace* to find a petitioner's reasonable confusion about the timeliness of a filing is good cause for a stay under *Rhines*).

[21]*See Fernandez v. Artuz*, 2006 WL 121943 (S.D. N.Y. 2006) (collecting cases interpreting "good cause" under *Rhines*).

[22]*Rhines v. Weber*, ___ F.Supp.2d __, 2005 WL 3466015 (D. S.D. 2005).

[23]*Id.* Citing *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D. N.Y. 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D. Mich.); *Fradiue v. Pliler,* 2005 WL 2204862 (E.D. Cal.2005); and *Martin v. Warren,* 2005 WL 2173365 (E.D. Mich. 2005) as holding that "alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings and *Vasquez v. Parrott*, 2005 WL 2864703 at *10 (S.D. N.Y.2005); *Hubbert v. Renico*, 2005 WL 2173612 at *3 (E.D. Mich. 2005), as holding that "alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause."

[24]*Id.* at *4 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)) for proposition that "a showing that the factual or legal basis for a claim was not available to counsel or that

7

In contrast to the above position, the *Hernandez*[25] case reasoned:

> In determining both the "cause" required to excuse a procedural default and the "good cause" required under *Rhines,* the relevant inquiry is the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal habeas petition. Therefore, the Court deems it appropriate to look to procedural default case law for guidance in determining whether Petitioner has demonstrated the requisite "good cause" for failing to exhaust his unexhausted claims prior to filing this habeas action.[26]

The Court finds that the *Rhines* district court opinion on remand is distinguishable from the present case in that the court therein also found that Mr. Rhines had good cause for the failure to exhaust because he was reasonably confused about whether his claims had been properly exhausted in state court.[27]   In the present case,  there is no indication that Petitioner was confused about the finality of his state petition.

Having considered cases on both sides of the emerging split of authority, the Court finds the cases holding that an allegation of ineffective assistance of post-conviction counsel does not constitute "good cause" for failing to exhaust state remedies are the better reasoned.[28]   To find otherwise would result in the routine granting of stays of mixed petitions because the failure to exhaust state remedies frequently involves allegations of ineffective assistance of state post-conviction counsel.  Further, this Court does not agree

---

'some interference by officials' made compliance impracticable would constitute cause").

[25]*Hernandez v. Sullivan,* 397 F.Supp.2d 1205 (C.D. Cal. 2005).

[26]*Id.* at 1207.

[27]*Rhines*, *supra*, at *2.

[28]*E.g. Hernandez*, *supra* and *Johnson v. Sullivan*, 2006 WL 37037 (C.D. Cal. 2006).

8

with the position that "good cause" is defined by the Supreme Court in *Rhines* as more liberal or expansive than the showing needed for "cause" to excuse procedural default in federal habeas case law.  The Supreme Court in *Rhines* reiterated the important policy reasons underlying AEDPA's imposition of a one-year statute of limitations together with a firm exhaustion requirement.  One purpose is to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases."[29]  The other is to require petitioners to completely exhaust state remedies before filing a federal petition.[30]

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.[31]

---

[29]*Rhines*, 125 S.Ct. at 1534 (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)) (other citations omitted).

[30]*Id*. at 1534 (finding exhaustion requirement reinforces "the importance of *Lundy's* 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'") (quoting *Lundy,* 455 U.S. at 520 (other citations omitted)).

[31]*Id*. 125 S.Ct. at 1534-35.

9

To hold that an allegation of ineffective assistance of post-conviction counsel constitutes "good cause" for failure to exhaust state remedies, without analogy to the cause necessary to excuse procedural default, would render such stays of mixed petitions the rule rather than the exception–thereby violating AEDPA's purposes by delaying the federal petition and routinely excusing a petitioner's failure to present his claims to the state court in the first instance.[32]

This Court will follow the cases which analogize the *Rhines* good cause standard for the failure to exhaust to the federal habeas cause standard required to overcome a procedural bar.

In the present case, Petitioner has not shown such good cause.  To the extent that he alleges ineffective assistance of his post-conviction counsel, the Court notes that under *Coleman*,[33] such error is not cause to excuse a procedural default because there is no constitutional right to counsel in collateral civil proceedings.  To the extent that he alleges ineffective assistance of trial counsel or appeal counsel, those claims do not constitute good cause because, as addressed below in connection with the meritorious claims analysis, he has not exhausted those claims in the state courts.

---

[32]*Woodford v. Garceau*, 538 U.S. 202 (2003) ("Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'") (quoting *Williams v. Taylor*, 529 U.S. 420, 436 (2003)); *see also* H. R. Conf. Rep. No. 104-518 at 111 (AEDPA "incorporates reforms to curb the abuse of the statutory writ of habeas corpus, and to address the acute problems of unnecessary delay and abuse in capital cases").

[33]*Coleman*, 501 U.S. at 749-50.

In making this determination, the Court is not, at this stage, making a determination on the issue of whether the state procedural default rule is independent and adequate because the Court is not determining if federal habeas review of any claim is barred.[34]  But the Court is following the cases analogizing the good cause standard of the procedural default doctrine to determine whether good cause exists for a stay of proceedings under *Rhines*.[35]  Similarly, the Court is not ruling on the appropriate construction of "good cause" in other circumstances such as the "protective petition" situation discussed in *Pace* and applied in *Menezies*.[36]

B.  Potentially Meritorious

Petitioner contends he has a presently available state remedy because his allegations of "woefully inadequate" assistance of post-conviction counsel establishes grounds for relief from Utah's PCRA's procedural bar under the common law good cause factors identified in *Hurst*.[37]  Petitioner further contends that the issue of whether Utah's state procedural rules bar his claims at this time should be decided in the first instance by the Utah courts.

Respondent contends that Petitioner has failed to show that his unexhausted claims are meritorious because all of them could have been raised on appeal in his state petition

---

[34]*See Id.* and *Patton v. Mullin*, 425 F.3d 788, 810 (10th Cir. 2005) (applying procedural bar under *Coleman*).

[35]*E.g. Hernandez*, 397 F.Supp.2d at 1207.

[36]2005 WL 2138653 *2.

[37]*Hurst*, 777 P.2d at 1033.

for post-conviction relief and, therefore, all would be procedurally barred if he were to attempt to exhaust them in state court.  Respondent contends that Petitioner has not made the required showing that he meets any of the *Hurst* exceptions to the PCRA's procedural bar.

The PCRA provides that a person is not eligible for post-conviction relief upon any ground that "could have been, but was not , raised in a previous request for post-conviction relief."[38]  In *Gardner,*[39] the Utah Supreme Court made it clear that although the "statute purports to replace the common law post-conviction procedural bar jurisprudence with a statutory restriction on successive claims," the *Hurst* "good cause" exceptions to the common law rule survived the enactment of the PCRA.[40]  The Utah Supreme Court recently reaffirmed this position in *Tillman*,[41] noting the five *Hurst* good cause exceptions are not exhaustive.[42]

> [E]ven where an issue could have been raised in a previous post-conviction petition, post-conviction review may be available in those "rare cases," or "unusual circumstances" where "an obvious injustice or a substantial and prejudicial denial of a constitutional right has occurred" that would make it "unconscionable" not to reexamine the issue.

> \* \* \*

---

[38]Utah Code Ann. § 78-35a-106(1)(d).

[39]*Gardner v. Galetka,* 94 P.3d 263, 266 (Utah 2004).

[40]*Id*. at 267-68.

[41]*Tillman v. State*, __ P.3d __, 2005 WL 2076885 *5 (Utah 2005).

[42]*Id*. (citing *Candelario v. Cook*, 789 P.2d 710, 712 (Utah 1990)).

In *Hurst,* we identified five good cause factors sufficient to justify the filing of a successive claim not raised in a prior post-conviction petition. Those factors include
> (1) the denial of a constitutional right pursuant to new law that is, or might be, retroactive[;] (2) new facts not previously known which would show the denial of a constitutional right or might change the outcome of the trial [;] (3) the existence of fundamental unfairness in a conviction[;] (4) the illegality of a sentence[;] or (5) a claim overlooked in good faith with no intent to delay or abuse the writ. [43]

The Court finds that all of the unexhausted claims in the present petition could have been, but were not, raised in Petitioner's state post-conviction proceeding. Petitioner contends that the law is "at best unclear" on whether the Utah courts would summarily dismiss his claims as an abuse of the writ or would address them on their merits.  To the contrary, this Court believes Utah's case law is clear that the Utah courts would not address his claims on the merits before first determining if there is good cause to justify the successive claims.[44]   In considering the issue of good cause for a successive claim, the Utah courts do not reach the merits of a claim, but do require that the petitioner present a "facially plausible" underlying claim before reaching analysis of good cause under the *Hurst* factors.[45]   In *Gardner*, the underlying claim was "absurd" and not facially plausible and therefore, the *Gardner* Court did not need to proceed to analysis under the *Hurst*

---

[43]*Id.* at *5 (quoting *Hurst*, 777 P.2d at 1035, other internal citations omitted).

[44]*Tillman*, 2005 UT at ¶¶ 15-26.

[45]*Gardner,* 94 P.3d at 266 n.3 ("we decide this case solely on procedural bar and grounds and do not reach the merits"); and 267 (finding claim not facially plausible)(Utah 2004).

exceptions.[46]  In the present case, Petitioner's underlying claims are facially plausible and therefore the Utah courts would proceed to consider whether Petitioner meets any of the *Hurst* exceptions prior to any examination of the merits of his claim.  If, as in the present petition, Respondent meets its burden of pleading preclusion, Petitioner would have the burden of proving that he should not have raised his unexhausted claims in his previous post-conviction proceeding.[47]

Petitioner contends that two of the five *Hurst* common law exceptions apply to excuse his failure to raise his unexhausted claims in his first state post-conviction proceeding.  Those exceptions are "the existence of fundamental unfairness in a conviction" and "a claim overlooked in good faith with no intent to delay or abuse the writ."[48]

The recent *Tillman* case is an example of how difficult it is to make a showing under *Hurst* that a claim should not have been raised in the prior post-conviction proceeding.  In *Tillman,* the Utah Supreme Court found that the State's affirmative but erroneous denial of the existence of transcripts of interviews containing information that should have been disclosed before the criminal trial established that claim based on those transcripts was "overlooked in good faith with no intent to delay or abuse the post-conviction process."[49]

---

[46]*Id*. at 267.

[47]*Tillman*, 2005 UT at ¶ 15-17.

[48]*Gardner*, 94 P.3d at 266 (quoting *Hurst*, 777 P.2d at 1036-37). These are the same two *Hurst* factors that the Utah Supreme Court found not to be codified in the PCRA.  *Id*

[49]*Tillman*, 2005 UT at ¶¶ 23-25.

Petitioner asserts that the "woefully deficient performance of his state post-conviction counsel"[50] is a basis for relief under *Hurst*.  But he cites  no authority supporting the position that an allegation of ineffective assistance of post-conviction counsel, woeful or not, is sufficient by itself to demonstrate "good cause" for excepting claims from the PCRA's bar to considering claims that should have been brought in prior proceedings.

Under Utah law, like federal law, "there is no statutory or constitutional right to counsel in a civil petition for post-conviction relief."[51]  In *Tillman*, it was not merely the fact that his prior post-conviction counsel failed to investigate and raise the issue that justified the *Hurst* exception, but something far more.  In *Tillman*, the petitioner showed the State's 18-year long failure to disclose material coupled with the State's erroneous earlier prior representations that the material did not exist. Under those circumstances the Utah Supreme Court found that Tillman was not required to have raised the issue in his two prior state post-conviction proceedings.[52]

In the present case, Petitioner points to no facts, other than his allegation that his prior post-conviction appointed counsel was woefully inadequate, for why he should not have raised the issues in his prior proceedings.  As noted in its prior order,[53] Petitioner filed his original post-conviction petition *pro se* and then filed an amended one prepared by his two appointed counsel.  Petitioner has not alleged facts that would constitute the type of

---

[50]Reply Br. at 3.

[51]*Hutchings v. State*, 84 P.3d 1150, 1154 (2003).

[52]*Tillman,* 2005 UT 56, at ¶ 23.

[53]Docket No. 58, at 3.

"rare case" or "unusual circumstance"[54] that would appear to qualify for relief under any of the *Hurst* exceptions.  The Court finds that Petitioner has not shown that his allegations would likely be good cause under the *Hurst* exceptions or other Utah case law for the failure to raise the issues in his post-conviction proceeding.  Accordingly, he has not shown that his unexhausted claims are not procedurally barred by §78-35a106(1).  Because the claims appear to be procedurally defaulted in the state courts, the Court finds that Petitioner has not met his burden of showing that his unexhausted claims are potentially meritorious within the meaning of *Rhines*.[55]

C.  Intentionally Dilatory Litigation Tactics

The Court, having determined that Petitioner has not shown good cause for the failure to exhaust and has also not shown that his procedurally defaulted claims are potentially meritorious, need not address the parties' arguments regarding the intentionally dilatory litigation tactics factor, including which party has the burden on this factor.

VI.  Conclusion

Applying the *Rhines* factors, the Court finds and concludes that Petitioner's Motion for Stay and Abeyance to attempt to exhaust his claims in state court must be denied. Where a stay of this Petition is unwarranted, Petitioner must be given the choice of refiling the federal habeas petition containing only his exhausted claims, or having the Court

---

[54]*Tillman*, 2005 UT 56, at ¶ 21.

[55]*Dretke v. Neville*, 423 F.3d 474, 480 (5th Cir. 2005) (claims that are procedurally defaulted in state court are meritless for purpose of *Rhines* analysis).

16

dismiss his entire Petition without prejudice.[56]  If Petitioner does not seek to dismiss the entire Petition and instead refiles a Petition containing only exhausted claims, the Court, having addressed the issues of the federal statute of limitations and exhaustion will set a status conference to determine if all remaining issues are fully briefed and ready for submission.  By describing the two options, the Court "intends neither to encourage nor discourage Petitioner from choosing any particular option."[57]

VII.  ORDER

For the reasons stated above, it is therefore

ORDERED that Petitioner's request for a *Rhines* stay and abeyance of his Petition (Docket No. 141) to allow him to attempt to exhaust his claims in the courts of the State of Utah is DENIED.  It is further

ORDERED that within thirty days of the date of this Order, Petitioner shall file a document signed by Petitioner either (1) refiling his petition without the unexhausted claims; or (2) seeking to dismiss this entire mixed Petition without prejudice.

DATED January 26, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[56]*Brown v.Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999).

[57]*Hernandez*, 397 F.Supp.2d at 1208.

17