IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>Petitioner,<br><br>vs.<br><br>STEVEN TURLEY, WARDEN, UTAH STATE PRISON,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR AN EX PARTE STATUS CONFERENCE<br><br><br><br>Case No. 2:02-CV-326 TS |

Petitioner moves for a ex parte status conference for the purpose of discussing a "request involving privileged information" under 18 U.S.C. §3006A(D)(iii). Petitioner further explains that services of an expert have already been retained and that no authorization for hiring or funding is required from this Court. However, he argues:

> The request for court assistance is required because of the conditions of Mr. Carter's current confinement. The expert services have already been procured by counsel, court assistance is only necessary to effectuate proper access by the expert.

Petitioner relies on 18 U.S.C. § 3006A(e)(1), which provides for ex parte applications on behalf of persons otherwise financially unable to obtain investigative, expert, or other

1

services necessary for adequate representation:

> (1) Upon Request.—Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the Court, . . . shall authorize counsel to obtain the services.

Petitioner argues that an ex parte hearing is appropriate because the justification for the requested order regarding access involves the possible exposure of privileged information.

Respondent opposes the request on the ground that ex parte communications are prohibited except as set forth in 18 U.S.C. § 3599(f). Section 3599 applies to capital cases, including capital habeas cases such as this case,[1] and provides for court authorization of reasonably necessary investigative, expert, or other services:

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor . . . . No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.

Respondent argues that there is no line of evidentiary development currently authorized that would require disclosure of privileged information and that Petitioner has not made the "proper showing" required by § 3559(f).

---

[1] 18 U.S.C. §3599(a)(2).

Petitioner does not seek Court authorization or payment under either § 3006A or § 3559(f).  Instead, he seeks only the Court's assistance in facilitating his already hired and funded expert's access to him while he is held in Respondent's custody.  Petitioner contends that this request involves the issue of whether "the services are necessary" within the meaning of § 3006A(e)(1) and that the Respondent plays no part in that decision.

The Court finds that there is no need for the Court to determine if the services are necessary under either statute because the expert is already retained and his services are funded without the need for court authorization.   According to Petitioner, assistance of the Court in facilitating the expert's access to Petitioner is required by the "conditions of Petitioner's confinement."  Petitioner has not shown how the client's conditions of confinement at a prison could be a matter of attorney-client privilege.  Further, because the Respondent Warden is responsible for the security and logistical concerns involved in access to the prisoners in his custody, the Court cannot agree that the Respondent plays no part in a request involving access to a prisoner.

The Court finds that § 3599(f), the statute specifically applicable to this capital habeas case, is the relevant statute.  Assuming that § 3599(f), which enables the Court to authorize retention and payment of experts, also authorizes this Court to alter the Petitioner's conditions of confinement for the purpose of facilitating such expert services, Petitioner has not made the "proper showing" required by §3559(f) for this court to hold an ex parte hearing on the matter.  It is therefore

ORDERED that Petitioner's Motion for Ex parte status conference (Docket No. 291) is DENIED without prejudice.

DATED   July 15, 2009.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge