IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>Petitioner,<br><br>vs.<br><br>STEVEN TURLEY, Warden of the Utah State Prison,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR RULING AND DENYING REQUEST FOR SCHEDULING ORDER<br><br><br>Case No. 2:02-CV-326 TS |

Respondent moves for a scheduling order imposing a 60-day deadline on an issue of potential discovery that has stalled this case. Respondent also requests that rulings be issued on the motions that were stayed while Petitioner pursued his unexhausted claims in state court.

Petitioner argues that a 60-day deadline is insufficient and suggests an open ended schedule. Petitioner also opposes any activity in this case prior to the resolution of his pending appeal in the state courts.

1

Upon vacating the stay in this case, the Court addressed the sole evidentiary matter stipulated to by Respondent.  The stipulation arose as follows.  In his 99-page Motion for an Evidentiary Hearing, Petitioner requested a hearing on, among many other things, whether his counsel was ineffective for allegedly failing, for no strategic purpose, to review, investigate, or present to the jury evidence of indications of blood found on the clothing of another suspect (the material).[1]

In its response, Respondent opposed an evidentiary hearing except for the issue of the material.[2]  Respondent noted that the 1985 testing showed that "indications of blood" were detected on items of another suspect's clothing but that the "quantity was insufficient for species identification or typing."[3]  Respondent stipulated that it did not oppose testing to determine if the material was blood belonging to the victim provided (1) the material still exists, and (2) if advances in testing since the time of trial had progressed enough to allow testing of such a small amount.[4]  Respondent stipulated that, in those specific circumstances, it would agree to an evidentiary hearing to further develop the record on the material.  However, Respondent clarified that it was continuing to assert that any claim based on ineffective assistance regarding the material was procedurally barred.  Respondent further noted that, because Petitioner does not currently assert a claim of

---

[1] *E.g.* Docket No. 173, at 8-9; 24 ¶¶ 2-3 and 26-27.

[2] Respondent also continues to maintain that such a claim is procedural barred.

[3] *See* Docket No. 173, Ex. 14 (Report of Utah Crime Laboratory).

[4] Docket No. 178, at 7.

actual innocence, if the material proved favorable to Petitioner he would have to amend his Petition in order to make such a claim.

When this Court vacated the stay, it noted that Respondent stipulated to the attempt to further develop the evidentiary record on the material. Because it would be more efficient to deal with any evidentiary development on the testing earlier, rather than later, the Court provided the parties with a brief time in which to attempt to locate the material, The Court ordered that (1) the parties confer and attempt to agree to procedures for testing; and (2) file a status report by May 15, 2009, to inform the Court of the time by which such testing could be completed, if it had not already been completed. The Court then reserved the remaining issues in the Motion for Evidentiary Hearing.

Petitioner filed a timely status report asserting that it was still trying to locate the material to be tested and stating it would file a further report by June 10, 2009. No further report was filed.

Respondent now brings the present Motion for a Scheduling Order to impose a 60-day limit on the time in which Petitioner has to complete his discovery on the material. Respondent also asks that, in the meantime, the Court proceed on the motions which were filed prior to the stay. The Crime Victim's Representative supports the Motion and asserts the right to have the case free from unreasonable delay.[5]

Petitioner opposes a 60-day deadline, complains that Respondent's counsel has not obtained the material for him, and suggests an alternative timetable for discovery regarding

---

[5] *See* 18 U.S.C. § 3771 (the Crime Victim's Rights Act).

the material. That suggested timetable reveals that Petitioner has not yet subpoenaed records in the custody of third parties[6] in an attempt to locate the material.

Further, Petitioner requests that any testing be conducted in a laboratory in California. Respondent opposes sending the material out of state unless an in-state laboratory, such as the State of Utah Crime Laboratory, cannot do the testing.

Upon consideration of everything filed by all parties, the Court finds that (1) no party to this case knows if such material exists; (2) if it exists, it is not in the custody or control of the Respondent; (3) Respondent's counsel promptly and fully cooperated by providing all information counsel had, as well as by seeking to expedite the discovery process with the third parties while not interfering in the chain of custody; (4) Petitioner has not yet subpoenaed the material;[7] and, (5) the delay in ascertaining if the material exists is due to the passage of so many years and Petitioner's own counsel's busy schedule.

The Court further finds that because the evidence was tested in 1985, any new test to determine if the material contains the victim's DNA—a test either unavailable or not possible on such small quantities of material in 1985—would not be dispositive of Petitioner's current claim that his counsel was ineffective regarding his guilt phase of his 1985 trial. Because Petitioner does not currently make a claim of actual innocence, he

---

[6]The third parties are the Provo Police Department, the State of Utah Crime Laboratory, and the Utah County Attorney.

[7]Nor has Petitioner made any request to the Court regarding any subpoena or any other attempt to obtain the material.

does not presently claim that the testing of the material found on another suspect's clothing[8] would exonerate him.

Because the issue of testing the material is not relevant to the ineffective assistance of counsel claims in the present Petition, it is not necessary for the Court to set a deadline for discovery regarding the material. Petitioner remains able to continue his efforts to locate the material without a deadline and may file any motion in aid thereof. As noted above, Respondent's counsel have fully cooperated in attempts to locate the material and in discussions regarding the appropriate testing procedure. If and when the material is located, the parties, together with any necessary third party, may agree on appropriate transportation and testing procedures. If they cannot do so, they may file an appropriate motion. If the material exists and is tested, and if the testing reveals information relevant to Petitioner, he may then file a request for further evidentiary development—a hearing already stipulated to by Respondent.

Respondent also requests that the Court proceed to rule on the motions that were stayed. Petitioner opposes the request and disputes which motions remain pending. Petitioner asserts that this case should not go forward until his appeal to the Utah State Supreme Court is resolved. As noted above, the Crime Victim's Representative seeks to avoid unreasonable delay in these proceedings, including the no longer stayed motions.

---

[8]The present Motion involves only the material found on another suspect's clothing. Petitioner does not seek DNA testing of the bloodstained clothing found in his home. *See State v. Carter*, (*Carter II*), 888 P.2d 629, 635-36 and n.8 (Utah 1995) (discussing Petitioner's motion regarding incriminating evidence including bloodstained clothing found in his home).

5

At the time the Court stayed this case pending the then-anticipated ruling on respondent's motion to dismiss the state court action, separate counsel represented counsel in the state action.  The Court understood that there was a request in the state proceedings for discovery, raising concerns of potentially competing claims for discovery of the same materials. However, since that time, Petitioner's counsel in the present case has also been appointed counsel in the state case.  Those state court proceedings are now on appeal, making it unlikely that there will be any discovery in that case at this time. Additionally, because the same counsel now represents Petitioner in both cases, counsel can efficiently coordinate any competing claims of discovery.  Therefore, there is no further reason to delay resolution of the present case.  The Court finds that remaining motions should go forward at this time.   It is therefore

ORDERED that Respondent's Motion for Scheduling Order regarding testing of another suspect's clothing (Docket No. 292) is DENIED for the reasons set forth above. Petitioner may proceed on his attempts to locate the material without a scheduling deadline and may request evidentiary development on the issue as set forth above.  It is further

ORDERED that Respondent's Motion for Ruling (Docket No. 292) is GRANTED and the Court will address the Motions that were previously stayed, including the reserved portion of the Motion for Evidentiary Hearing.

DATED this 15th day of October, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge