IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>    Petitioner,<br><br>vs.<br><br>CLINT FRIEL, Warden of the Utah State Prison,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER GRANTING IN PART RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus. For the reasons discussed below, the Court will grant the Motion in part.

I. BACKGROUND

In 1985, Petitioner Douglas Stewart Carter was convicted of murder in the first degree and was sentenced to death. In his first appeal, the Utah Supreme Court affirmed Petitioner's

1

murder conviction but vacated the death sentence due to an erroneous jury instruction on aggravating circumstances and remanded the case for a new sentencing proceeding.[1]

A second penalty hearing was held in January 1992. A jury again unanimously rendered a verdict of death. Petitioner appealed and the death sentence was affirmed by the Utah Supreme Court.[2]

Petitioner filed a pro se application for a writ of habeas corpus and post-conviction relief with the state district court in October 1995. Eventually, Petitioner obtained counsel and amended his state petition, raising nearly fifty allegations of error. The district court dismissed the majority of Petitioner's claims as procedurally barred and dismissed the remainder on their merits. Petitioner appealed.[3]

The Utah Supreme Court agreed that a number of Petitioner's claims were procedurally barred.[4] The court also reviewed a number of claims on the merits and affirmed the dismissal of the petition for a writ of habeas corpus.[5]

Petitioner filed his Original Petition for Habeas Corpus Relief in this Court on March 25, 2004.[6] Respondent moved to dismiss the Original Petition on August 31, 2004, on the following

---

[1] *State v. Carter*, 776 P.2d 886 (Utah 1989) (*Carter I*).

[2] *State v. Carter*, 888 P.2d 629 (Utah 1995) (*Carter II*).

[3] *Carter v. Galetka*, 44 P.3d 626 (Utah 2001) (*Carter III*).

[4] *Id*. at 630-33.

[5] *Id*. at 633-42.

[6] Docket No. 98.

grounds: (1) the petition is time barred; (2) the petition fails to meet the requirements of 28 U.S.C. § 2254; (3) some claims do not present a federal question; (4) some claims are unexhausted; and (5) some claims are procedurally defaulted.[7]

The Court has addressed grounds one and four by separate order. The Court denied Respondent's Motion on the issue of time bar on July 18, 2005.[8] The Court further agreed that a number of Petitioner's claims were unexhausted.[9] The Court denied Petitioner's request for a stay under *Rhines v. Weber*,[10] on January 26, 2006.[11] The Court granted Petitioner the option of either: (1) refiling his petition without the unexhausted claims; or (2) dismissing the entire Petition without prejudice.[12] Petitioner elected to file a Second Amended Petition, withdrawing his unexhausted claims.[13] In a Scheduling Order, the Court stated that, with regard to the issues of procedural bar and federal question, the parties "may rely on [their] previously filed briefs by incorporation or may supplement their positions."[14] As a result, the remaining three issues set forth above are ripe for decision.

---

[7]Docket No. 110.

[8]Docket No. 136.

[9]*Id*.

[10]554 U.S. 269 (2005).

[11]Docket No. 152.

[12]*Id*.

[13]Docket No. 154. Petitioner has since been pursuing those claims in state court. *See* Docket No. 288.

[14]Docket No. 161.

3

## II. DISCUSSION

A.    AEDPA REQUIREMENTS

Respondent argues that the Petition does not meet the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, Petitioner is only entitled to federal habeas relief if he can establish that the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[15] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[16] Further, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition "specify all the grounds for relief available to the petitioner;" "state the facts supporting each ground;" and "state the relief requested."[17]

Respondent argues that the Petition fails to even mention the AEDPA requirements and never argues that Petitioner's claims meet those requirements. As a result, Respondent argues that the Petition should be dismissed. Petitioner argues that his Petition meets the pleading requirements of Rule 2(c) and should not be dismissed.

The Court finds that both the Original Petition and the Second Amended Petition meet the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, Respondent's Motion to Dismiss on this ground will be denied.

---

[15] 28 U.S.C. § 2254(d)(1).

[16] *Id*. § 2254(d)(2).

[17] Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(1)-(3).

B. FEDERAL QUESTION

Respondent next argues that several of Petitioner's Claims—Claims XIV, XIX, XXII, and XXXV—present state issues, not federal issues, and should be dismissed. Petitioner argues that each of these claims allege a violation of a federal constitutional right and should not be dismissed.

Section 2254(a) provides that a court may grant federal habeas relief "of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[18] The Supreme Court has made clear that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."[19] "A federal court may not issue the writ on the basis of a perceived error of state law."[20] With this standard in mind, the Court will consider each of the above-listed claims.

In Claim XIV, Petitioner claims that the admission of victim impact evidence during the 1992 retrial of the penalty phase violated his rights to due process of law, the right to a fair trial, and the right to a reliable sentencing determination as guaranteed by the Sixth, Eighth, and Fourteenth Amendments. This claim stems from the trial court's permission to allow the victim's husband to testify about victim impact evidence.

---

[18] 28 U.S.C. § 2254(a).

[19] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[20] *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Petitioner raised this issue in his direct appeal of his 1992 penalty hearing.[21] Initially, the Utah Supreme Court held that such evidence was "well within the federal constitutional standards."[22] The court next determined whether the evidence was admissible under Utah Code Ann. § 76-3-207(2). The court held that it was not, but that the error in admitting such evidence was not prejudicial because it "would not have produced a more favorable outcome."[23]

Claim XIX alleges that the trial court's failure to instruct the jury on the burden of proof as to the existence of aggravating circumstances violated Petitioner's Eighth and Fourteenth Amendment rights. Specifically, Petitioner alleges that "[t]he trial court's failure to instruct jurors that the existence of aggravating circumstances had to be found by a unanimous jury violated Utah statutes as construed by the Utah Supreme Court, the Utah Constitution and the Eighth and Fourteenth Amendments to the United States Constitution."[24]

This issue was also addressed in *Carter II*. There, the Utah Supreme Court found "that the trial court correctly refused Carter's proffered instruction and special verdict form because neither accurately stated the applicable law."[25]

In Claim XXXII, Petitioner claims that the trial court's failure to inform or instruct the jury of the infrequent application of the death penalty and the realities of parole violated his

---

[21]*Carter II*, 888 P.2d at 650.

[22]*Id*. at 651.

[23]*Id*. at 653.

[24]Docket No. 154.

[25]*Carter II*, 888 P.2d at 655.

6

rights to due process of law and to a reliable sentencing determination as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments.

In Claim XXXV, Petitioner alleges that the absence of a special verdict form directing that a finding of proof beyond a reasonable doubt as to each aggravator violated his right to due process, the right to a reliable sentencing determination, and the right to appellate review in violation of the Sixth, Eighth, and Fourteenth Amendments.

The Court finds that each of the above allegations sufficiently assert violations of the Constitution of the United States. Therefore, these claims will not be dismissed on this ground at this time.

C. PROCEDURAL DEFAULT

Respondent argues that the doctrine of procedural default bars all or a portion of a number of Petitioner's claims, specifically Claims I, II, V, VI, IX, XIII, XV, XX, XXI, XXII, XXIV, XXV, XXVI, XXVII, XXIX, XXXI, XXXII, XXXIII, XXXIV, XXXVII, XXXVIII, XXXIX, XLI, and XLIII.

In *Coleman v. Thompson*,[26] the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[27]

---

[26]501 U.S. 722 (1991).

[27]*Id*. at 750.

The "independent and adequate state ground doctrine . . . applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."[28] "In the habeas context, the application of the . . . doctrine is grounded in concerns of comity and federalism."[29] "Without the rule, . . . habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of th[e] [Supreme] Court's jurisdiction and a means to undermine the State's interest in enforcing its laws."[30]

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."[31] "A state court finding of procedural default is adequate if it is strictly or regularly followed and applied evenhandedly to all similar claims."[32]

The Utah Supreme Court, in addressing the dismissal of Petitioner's state petition for a writ of habeas corpus, found that a number of Petitioner's claims were procedurally barred because they were "issues that could and should have been raised on direct appeal, but were not."[33] Under Utah law, such claims "may not be raised for the first time in a habeas corpus

---

[28]*Id*. at 729-30.

[29]*Id*. at 730.

[30]*Id*. at 730-31.

[31]*English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).

[32]*Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (quotation marks and citation omitted).

[33]*Carter III*, 44 F.3d at 630.

8

proceeding, absent unusual circumstances."[34] The court reviewed 27 claims that "could have and should have been raised on direct appeal."[35] The court concluded that these claims were subject to the procedural bar and that Petitioner had not presented unusual circumstances.[36] The court further stated:

> We have examined the merits of the above-listed claims to determine whether Carter has satisfied the unusual circumstances test. He has not. After carefully reviewing each of these claims we conclude that Carter has suffered no obvious injustice or a substantial prejudicial denial of his constitutional rights. Accordingly, we conclude that these issues are procedurally barred.[37]

The court went on, in another section, to review a number of claims on the merits.[38]

Petitioner does not contest that the above-listed claims were found by the Utah Supreme Court to be procedurally barred in *Carter III*. Rather, Petitioner argues that the procedural bar is neither independent nor adequate. Petitioner further argues that he is excused from the default because he can show cause and prejudice. The Court will address each of these arguments in turn.

  1.  *Independent*

As stated above, a state procedural ground must be independent. "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the

---

[34]*Id.* (citing *Gardner v. Holden*, 888 P.2d 608, 613 (Utah 1994)).

[35]*Id.* at 632-33.

[36]*Id.* at 633.

[37]*Id.*

[38]*Id.* at 633-42.

decision."[39] Petitioner claims that the decision in *Carter III* does not bar review of any of his claim on the merits because that decision is intertwined with the federal question and cannot be an independent state rule. Petitioner bases this argument on the following statement from the Utah Supreme Court in *Carter III*:

> We have examined the merits of the above-listed claims to determine whether Carter has satisfied the unusual circumstances test. He has not. After carefully reviewing each of these claims we conclude that Carter has suffered no obvious injustice or a substantial prejudicial denial of his constitutional rights. Accordingly, we conclude that these issues are procedurally barred.[40]

The Court disagrees with Petitioner that the above-quoted language shows that the Utah Supreme Court's analysis was intertwined with federal law. Rather, as the language indicates, the court only conducted a merits analysis to determine whether Petitioner had satisfied the unusual circumstances exception to the state procedural bar rule, but did not conduct a full merits analysis of the defaulted claims.

The Court finds that the Utah Supreme Court's review to determine if Petitioner satisfied the unusual circumstances test is similar to one in which a court reviews procedurally barred claims for plain error or a miscarriage of justice. A number of courts have held that such limited review does not deprive a state court ruling of its independent character and does not relieve a petitioner from procedural default.[41] The Court agrees with the reasoning of these cases and

---

[39]*English*, 146 F.3d 1259.

[40]*Carter III*, 44 F.3d at 633.

[41]*See Campbell v. Burris*, 515 F.3d 172, 178-79 (3d Cir. 2008) (collecting cases from the First, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits).

10

finds that reasoning applicable here. Based on the above, the Court concludes that the state procedural ground is independent.

   2.   *Adequate*

Petitioner also argues that the finding of procedural default is not adequate. "A state court finding of procedural default is adequate if it is strictly or regularly followed and applied evenhandedly to all similar claims."[42] Petitioner, citing to *Codianna v. Morris*,[43] argues that the Utah Supreme Court has not uniformly barred consideration of claims in post-conviction proceedings which could have been raised on direct appeal. In that case, Justice Stewart, in a concurring opinion, stated that "there are numerous Utah cases which have addressed the merits of habeas claims even though the issues raised were known or should have been known to petitioner and his counsel at the time of conviction and could have been raised on appeal."[44] A close reading of Justice Stewart's concurrence reveals a concern that the procedural bar should not be blindly imposed and that there may be exceptional circumstances that justify reviewing the merits of a petitioner claims, even when the claims could have and should have been raised on direct appeal.[45] This is consistent with the rule stated by the Utah Supreme Court, which allows for review of the merits under unusual circumstances.

---

[42]*Duvall*, 139 F.3d 768, 797 (quotation marks and citation omitted).

[43]660 P.2d 1001 (Utah 1983).

[44]*Id*. at 1114 (Stewart, J., concurring).

[45]*Id*. at 1114-16 (Stewart, J., concurring).

11

The Tenth Circuit, in an unpublished decision, considered the precise issue before the Court. That court held "that Utah regularly applies its rule that absent plain error or exceptional circumstances, an issue not raised in the district court may not be raised on appeal."[46] A review of Utah case law confirms this.[47] "[T]he fact that a state court has overlooked the procedural bar as an occasional act of grace is insufficient to conclude that the procedural bar is inadequate."[48] With this in mind, the Court concludes that the fact that the Utah Supreme Court occasionally reviews the merits of claims that should have been raised on appeal in order to prevent manifest injustice is insufficient to demonstrate that the procedural bar rule is inadequate.

    3.    *Cause and Prejudice of Fundamental Miscarriage of Justice*

Petitioner next argues that he can show both cause and prejudice to relieve him of the procedural default rule. As stated above:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.[49]

---

[46] *Whiteman v. Friel*, 191 Fed. Appx. 820, 821 (10th Cir. 2006) (unpublished).

[47] *See* Docket No. 133, at 51 (collecting cases).

[48] *Cannon v. Gibson*, 259 F.3d 1253, 1268 (10th Cir. 2001) (quotation marks and citation omitted).

[49] *Coleman*, 501 U.S. at 750.

12

Petitioner argues that the failure of his appellate counsel to raise all claims of ineffective assistance of trial counsel on direct appeal was cause for the default.[50]

Petitioner is correct that ineffective assistance of counsel can constitute cause for a procedural default.[51] Respondent argues that Petitioner has not shown cause because "he failed to specifically raise claims before the Utah Supreme Court that appellate counsel was ineffective for failing to raise the claims of ineffective assistance of trial counsel that are procedurally defaulted in this case."[52] Respondent correctly states that Petitioner must exhaust an ineffectiveness claim before it may constitute cause for a procedural default.[53] For the reasons discussed below, the Court finds that Petitioner has met the exhaustion requirement.

In his state post-conviction proceedings, Petitioner argued that his appellate counsel in *Carter I* was ineffective for failing to argue that his trial counsel was ineffective. The Utah Supreme Court rejected this argument "because appellate counsel in *Carter I* did in fact raise an

---

[50]It appears that Petitioner only claims ineffective assistance of appellate counsel as cause in failing to raise on direct appeal all claims of ineffective assistance of trial counsel. *See* Docket No. 129, at 46 ("If Mr. Carter was required to raise all claims of ineffective assistance of trial counsel on direct appeal, then the failure of his appellate counsel to do so is 'cause' for the default."). Thus, he does not appear to allege cause for the remaining claims to have been defaulted. Regardless, the Court finds that Plaintiff has not shown cause and prejudice in relation to any defaulted claim.

[51]*Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("Although we have not identified with precision exactly what constitutes 'cause' to excuse a procedural default, we have acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice.").

[52]Docket No. 133, at 53.

[53]*Murray*, 477 U.S. at 489.

ineffective assistance of trial counsel claim on appeal in *Carter I*."[54] Petitioner also argued that "appellate counsel in *Carter II* was ineffective for failing to raise the issues [Petitioner] now raises in his petitioner for habeas corpus."[55] This would include those claims which the Utah Supreme Court found to be procedurally barred because they could have and should have been raised on direct appeal.[56] The Utah Supreme Court found that "appellate counsel in *Carter II* did not provide ineffective assistance in failing to raise these issues."[57]

Based on this, the Court finds that Petitioner adequately presented his claims for ineffective assistance of counsel to the state courts. Thus, the Court must review Petitioner's ineffectiveness claim here to determine if it constitutes cause for the default.

A district court reviewing a claim in a habeas petition must defer to the state court's prior adjudication, and may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[58] or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[59] "Because the same legal standards govern petitioner's underlying claim of ineffective assistance of counsel and his closely

---

[54]*Carter III*, 44 P.3d at 641.

[55]*Id.* at 641-42.

[56]*Id.* at 632-33 (discussing claims that should have been raised on direct appeal).

[57]*Id.* at 642.

[58]28 U.S.C. § 2254(d)(1).

[59]*Id.* § 2254(d)(2).

related burden to show cause for his state law procedural default, we must determine whether petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim."[60]

The standard for assessing a claim of ineffective assistance of appellate counsel is set forth in *Strickland v. Washington*.[61] Under that test, Petitioner "must show both (1) constitutionally deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding—in this case the appeal—would have been different."[62]

Petitioner has not met his burden here. Petitioner's ineffective assistance argument states, in full: "If Mr. Carter was required to raise all claims of ineffective assistance of trial counsel on direct appeal, then the failure of his appellate counsel to do so is 'cause' for the default."[63] Such a conclusory allegation cannot establish cause to overcome procedural default.[64] Even if Petitioner could show cause, he has failed to establish any prejudice.

---

[60] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[61] 466 U.S. 668 (1984).

[62] *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).

[63] Docket No. 129, at 46.

[64] *See, e.g., Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) ("Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced."); *see also Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (conclusory allegations are insufficient to establish ineffective assistance of counsel).

Petitioner merely states that his claims "could, either individual or cumulatively, demonstrate 'prejudice'" and that "[p]rejudice has been adequately pled and will be shown in more detail in the briefing on the merits."[65] The Court finds that the allegation that Petitioner "could" demonstrate prejudice is insufficient. The Supreme Court has made clear that a petitioner must demonstrate "not merely that the errors at his trial constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[66] Petitioner has made no such showing here.

Finally, Petitioner has not argued that failure to consider these claims will result in a fundamental miscarriage of justice. Based on the above, the Court finds that Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice for the procedural bar. Therefore, these claims must be dismissed.

### III. CONCLUSION

It is therefore

ORDERED that Respondent's Motion to Dismiss (Docket No. 110) is GRANTED IN PART as set forth above. The following claims in Petitioner's Second Amended Petition for Habeas Corpus Relief are dismissed: Claims: I(A)(5), I(A)(9), I(A)(14), I(A)(15), II, V(A)(1), V(A)(5), V(A)(6), VI(A)(1), VI (A)(2), VI(A)(3), VI(A)(4), IX(A)(1), XIII(A)(6), XIII(A)(9), XIII(A)(15), XV, XX, XXI, XXII, XXIV, XXV, XXVI, XXVII, XXIX, XXXI, XXXII, XXXIII, XXXIV, XXXVII, XXXVIII(A)(1), XXXVIII(A)(2), XXXIX, XLI, and XLIII.

---

[65] Docket No. 129, at 46.

[66] *United States v. Frady*, 456 U.S. 152, 170 (1982).

DATED   July 20, 2010.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge