IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>Petitioner,<br><br>vs.<br><br>CLINT FRIEL, Warden, Utah State Prison,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO UNSEAL FILINGS RE: PSYCHOLOGICAL EXAMINATION<br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on Respondent's Motion to Unseal Filings Re:

Psychological Examination. Petitioner, in a brief to the Utah Supreme Court, has stated that

"[c]ounsel for the Department of Corrections have successfully resisted current counsel's efforts

to have Carter properly evaluated by a qualified psychologist."[1] Respondent seeks to unseal

certain documents concerning a request for a psychological examination of Petitioner, filed ex

---

[1]Docket No. 337, Ex. A.

1

parte and under seal, in order to rebut this statement before the Utah Supreme Court. Petitioner opposes Respondent's request.

"Whether judicial records . . . should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court."[2] The Court agrees with Respondent that Petitioner's statement in his brief to the Utah Supreme Court has put at issue certain sealed filings. However, the Court disagrees with the scope of Respondent's request.

As stated, Respondent seeks the documents in order to address Petitioner's statement that "[c]ounsel for the Department of Corrections have successfully resisted current counsel's efforts to have Carter properly evaluated by a qualified psychologist."[3] In order to do so, Respondent requires, at most, access to documents filed by counsel for the Department of Corrections and the Court's orders on the issue of a contact visit. These documents reflect the arguments made by the Department of Corrections in response to Petitioner's request for a contact visit and the action taken by the Court. As such, these are the documents that contain the information Respondent seeks.

Respondent has made no showing that the documents filed by Petitioner would, or even could, address the assertion that counsel for the Department of Correction has resisted Petitioner's counsel's efforts to have him evaluated. Indeed, it is difficult to see how the arguments made by Petitioner could shed any light on this issue. Further, unsealing these documents may reveal information concerning Petitioner's habeas strategy to which Respondent

---

[2] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] Docket No. 337, Ex. A.

has not demonstrated a right to access. Therefore, the Court must deny Respondent's request to unseal those documents filed by Petitioner. Respondent's argument that the documents should be unsealed because "it appears that the basis for the ex parte communications was erroneous" does not alter this conclusion.[4]

The Court does find, however, that three documents should be provided to Respondent: the Declaration of Captain Bryant Herman; the Court's Order of November 16, 2009; and the Court's Order of January 25, 2010. The Declaration of Captain Bryant Herman will remain under seal due to the nature of its contents. According to the Certificate of Service, that document was provided to Respondent's counsel in this matter. Therefore, no further action need be taken other than clarifying that Respondent may provide the information contained in the Declaration to the Utah Supreme Court to the extent deemed necessary. The Order of November 16, 2009, grants Petitioner's request for a contact visit and contains instructions, and will be unsealed. The Order of January 25, 2010, denies Petitioner's Motion for Reconsideration and will also be unsealed.

It is therefore

ORDERED that Respondent's Motion to Unseal Filings Re: Psychological Examination (Docket No. 336) is GRANTED IN PART AND DENIED IN PART as set forth above. It is further

ORDERED that the Clerk of the Court unseal Docket Nos. 311 and 318.

---

[4]Docket No. 337 at 5.

DATED   November 12, 2010.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Judge