IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER, <br><br> Petitioner, <br><br><br><br> vs. <br><br><br><br> CLINT FRIEL, Warden, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S REQUEST FOR FURTHER FACTUAL DEVELOPMENT <br><br><br><br><br><br> Case No. 2:02-CV-326 TS |

This matter is before the Court on Petitioner's request for further factual development and an evidentiary hearing. Petitioner seeks the ability to conduct further factual development and has suggested a proposal to allow for further factual development with the goal of resolution by a date certain. Respondent opposes Petitioner's request for further factual development, arguing that Petitioner did not diligently develop that factual support in his state court proceedings or previously in this proceeding. However, Respondent agrees with Petitioner's suggestion that, if further factual development is permitted, the issue of whether to grant an evidentiary hearing is premature. For the reasons discussed below, the Court will permit Petitioner to engage in further factual development and will revisit the issue of an evidentiary hearing at a later time.

1

I. BACKGROUND

In 1985, Petitioner Douglas Stewart Carter was convicted of murder in the first degree and was sentenced to death. In his first appeal, the Utah Supreme Court affirmed Petitioner's murder conviction but vacated the death sentence due to an erroneous jury instruction on aggravating circumstances and remanded the case for a new sentencing proceeding.[1]

A second penalty hearing was held in January 1992. A jury again unanimously rendered a verdict of death. Petitioner appealed and the death sentence was affirmed by the Utah Supreme Court.[2]

Petitioner filed a pro se Petition for a Writ of Habeas Corpus and/or Post-conviction Relief with the state district court in October 1995.[3] In his Petition, Petitioner requested the court "[c]onduct a hearing at which time proof may be offered in support of the allegations of this petition."[4] Petitioner was later appointed counsel.

Petitioner's counsel sought an order from the state court for publicly-paid attorneys' fees, investigative costs, and expert witness fees.[5] The state court denied Petitioner's request, noting that state law did not allow for such funding.[6] Petitioner appealed that issue to the Utah Supreme

---

[1] *State v. Carter*, 776 P.2d 886 (Utah 1989) (*Carter I*).

[2] *State v. Carter*, 888 P.2d 629 (Utah 1995) (*Carter II*).

[3] Docket No. 331, Ex. A.

[4] *Id*.

[5] Docket No. 330, Ex. A.

[6] *Id*.

Court,[7] but the court dismissed the appeal based on the passage of a new state law providing for paid counsel and investigative funds to pursue state post-conviction challenges to a death sentence.[8] The state court then ordered that counsel "be reimbursed pursuant to the terms of the statutes and rules."[9] Respondent has presented evidence that Petitioner's counsel did not take full advantage of the funds available.[10]

Counsel filed an Amended Petition in February 1996.[11] The Amended Petition requested the court: "[c]onduct a hearing at which proof may be offered in support of the allegations contained in this Petition;" "[g]rant Petitioner, who is indigent, sufficient funds to pay his counsel and thus guarantee him meaningful access to the courts;" "[g]rant Petitioner, who is indigent, sufficient funds to secure an investigator to continue investigating the facts alleged above;" "[g]rant Petitioner, who is indigent, sufficient funds to secure expert assistance and necessary to prove the facts alleged in this Petition;" "[p]ermit Petitioner, who is indigent, to proceed without prepayment of costs or fees;" "[g]rant such other and further relief as the Court deems appropriate;" and "[g]rant Mr. Carter leave to amend this petition should discovery of additional facts lead to additional claims."[12]

---

[7] *Id*. Ex. B and C.

[8] *Id*. Ex. D; Utah Code Ann. § 78-35a-202 (now codified at Utah Code Ann. § 78B-9-202).

[9] Docket No. 330, Ex. E.

[10] *Id*. at 7-9 & Ex. F.

[11] Docket No. 331, Ex. B.

[12] *Id*. at 62-63.

3

A Second Amended Petition was filed in July 1998.[13] The Second Amended Petition stated:

> Counsel has, with its limited available resources, conducted a preliminary investigation into the facts of this case. Further investigation, however, into the claims presented in this Petition is necessary if Mr. Carter is to receive a full and fair hearing in the state court. Moreover, counsel believes that a more thorough investigation will lead to the discovery of additional evidence supporting additional claims.[14]

The Second Amended Petition went on to request a hearing, sufficient funds to secure an investigator, sufficient funds to secure expert assistance, and the ability to amend the Petition should discovery of additional facts lead to additional claims.[15]

Utah law allowed Petitioner to conduct discovery, upon motion and for good cause.[16] Petitioner never filed a stand-alone motion for discovery.[17]

The State moved to dismiss the Second Amended Petition. In response, Petitioner did not seek a continuance to conduct further discovery. The district court dismissed the majority of Petitioner's claims as procedurally barred and dismissed the remainder on their merits. Petitioner appealed.[18] The Utah Supreme Court agreed that a number of Petitioner's claims were

---

[13]*Id*. Ex. C.

[14]*Id*. at 3.

[15]*Id*. at 62.

[16]Utah R. Civ. P. 65B(b)(10).

[17]*See* Docket No. 331 at 4.

[18]*Carter v. Galetka*, 44 P.3d 626 (Utah 2001) (*Carter III*).

4

procedurally barred.[19] The court also reviewed a number of claims on the merits and affirmed the dismissal of the petition for a writ of habeas corpus.[20]

## II. LEGAL STANDARDS FOR FACTUAL DEVELOPMENT

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."[21] Rule 6(a) of the Rules Governing § 2254 Cases provides: "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[22] Good cause is established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."[23]

> When an individual's life hangs in the balance, the Supreme Court repeatedly has insisted that higher standards of reliability and fairness be observed. Because habeas corpus discovery is designed to aid courts in determining the validity of the petitioners' claims, it often can add—and may in fact be indispensable—to the reliability of habeas corpus proceedings in capital cases. For this reason, liberal use of discovery is appropriate in such cases.[24]

Rule 7 of the Rules Governing § 2254 Cases allows for expansion of the record. Rule 7 provides, in pertinent part:

---

[19]*Id*. at 630-33.

[20]*Id*. at 633-42.

[21]*Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

[22]Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts.

[23]*Bracy*, 520 U.S. at 908-09.

[24]1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE & PROCEDURE § 19.4e (5th ed. 2005).

5

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.[25]

The Advisory Committee Notes explain that the purpose of this rule is to enable the judge to dispose of some habeas petitions, not dismissed on the pleadings, without the time and expense required for an evidentiary hearing.

Rule 8(a) of the Rules Governing § 2254 Cases states: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted."[26] The Advisory Committee Notes make clear that Rule 8(a) is not intended to supersede the restrictions on evidentiary hearings contained in 28 U.S.C. § 2254(e)(2).

Section 2254(e)(2) states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

---

[25]Rule 7, Rules Governing Section 2254 Cases in the United States District Courts.

[26]Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[27]

"Under [the Antiterrorism and Effective Death Penalty Act], a federal habeas court may not grant an evidentiary hearing to a defendant who failed to develop his claim in state court, except in a few, narrowly defined circumstances . . . ."[28] "Failure to develop the claim means a 'lack of diligence, or some greater fault' on the petitioner's part."[29] "'Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information at the time, to investigate and pursue claims in state court.'"[30] These limitations apply "when expansion of the record is used to achieve the same end as an evidentiary hearing."[31] "Only when a petitioner diligently sought to develop the factual basis of a habeas claim in state court can he utilize the procedures set out in Rules 6 [discovery] and 7 [expanding the record]."[32]

"Although not an absolute prerequisite, a petitioner typically must request an evidentiary hearing in state court."[33] The Tenth Circuit has sometimes found such a request, by itself, to be

---

[27]28 U.S.C. § 2254(e)(2).

[28]*Fairchild v. Workman*, 579 F.3d 1134, 1145 (10th Cir. 2009) (citing 28 U.S.C. § 2254(e)(2)).

[29]*Id*. (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)).

[30]*Id*. (quoting *Williams*, 529 U.S. at 435).

[31]*Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003) (quotation and alteration omitted). Petitioner has stated that "[h]e seeks leave to pursue discovery in order to allow him to develop additional evidence that supports his claims." Docket No. 329 at 10.

[32]*Hooks v. Workman*, 606 F.3d 715, 730 n.14 (10th Cir. 2010).

[33]*Fairchild*, 579 F.3d at 1145.

7

sufficient proof of diligence.[34]  "But requesting an evidentiary hearing does not 'ipso facto satisf[y] the diligence requirement.'  To determine diligence, we look to a petitioner's efforts to develop facts in compliance with state law."[35]  "But whether a habeas petitioner has shown 'a lack of diligence' in failing to obtain an evidentiary hearing is a question of federal law decided by the federal habeas courts."[36]

"If the prisoner did not fail to develop the factual basis for his claim in State court, § 2254(e)(2) is not applicable and a federal habeas court should proceed to analyze whether an evidentiary hearing is appropriate or required under pre-AEDPA standards."[37]  That is, a petitioner must show: (1) that the facts were not developed in the state court, and the failure is not attributable to him; and (2) his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief.[38]

### III. DISCUSSION

As stated, Petitioner seeks further factual development in this matter.  Petitioner has submitted a proposal for factual development which, he asserts, will allow the factual development portion of these proceedings to proceed in an orderly fashion with a goal of resolution by a date certain.  Under this proposal, Petitioner would conduct informal interviews,

---

[34]*See Cannon v. Mullin*, 383 F.3d 1152, 1176 (10th Cir. 2004) (citing examples).

[35]*Fairchild*, 579 F.3d at 1145 (quoting *Cannon*, 383 F.3d at 1176).

[36]*Boyle v. McKune*, 544 F.3d 1132, 1136 (10th Cir. 2008).

[37]*Cannon*, 383 F.3d at 1176 (internal brackets and quotation marks omitted).

[38]*Id*. at 1175.

8

expand the record, and seek subpoenas. After this is complete, Petitioner may seek an evidentiary hearing, but suggests an evidentiary hearing may not be necessary.

Respondent argues that Petitioner should not be permitted to conduct further factual development because he did not act diligently in his state court post-conviction proceedings and has not acted diligently in this proceeding. Respondent agrees, however, that, if the Court allows Petitioner to do additional investigation and discovery, it is too soon to determine whether a hearing is necessary or appropriate.

The primary issue for the Court's determination is whether Petitioner acted diligently in developing the factual basis for his claims during his state court post-conviction proceedings. Petitioner argues that he was diligent in his efforts to develop a factual basis for his claims, while Respondent argues that Petitioner did not proceeded diligently. This presents a close issue. However, having reviewed the record and the materials submitted by the parties, the Court finds that Petitioner did act diligently in developing the factual basis for his claims in his state court proceedings and has shown good cause to conduct further factual development.

As set out above, in the state court post-conviction proceedings, three Petitions were filed. In each of those Petitions an evidentiary hearing was requested. Additionally, in both the Amended and Second Amended Petitions, Petitioner requested funding for counsel and additional resources for investigators and expert assistance. It is true, as Respondent argues, that Petitioner could have done more during his state proceedings to develop the factual basis for his claims. For instance, Petitioner and his counsel never filed a stand-alone motion for discovery, as allowed under the Utah Rules of Civil Procedure, nor did Petitioner seek additional time to

conduct discovery in response to the state's motion to dismiss. However, the fact that there may have been more that Petitioner and his counsel could have done does not necessarily mean that Petitioner was not diligent. As set forth above, with the filing of his original Petition, as well as his Amended and Second Amended Petitions, Petitioner sought an evidentiary hearing to develop his claims. In addition, counsel diligently sought funds from which they could pay investigators and experts to assist in the development of Petitioner's claims. While it is certainly true that Petitioner's counsel could have done more, the Court finds that what was done is sufficient to demonstrate diligence under the standards set forth above.

Respondent argues that the Court should deny Petitioner's request for further factual development because he has not proceeded diligently in this proceeding. There can be no denying that this matter has taken a meandering course through this Court. However, even if the Court were to find that Petitioner has lacked diligence in this Court, Respondent has provided no authority for the proposition that the Court should deny factual development as a result of a lack of diligence in this Court. Section 2254(e)(2) is specifically limited to the failure to develop the factual basis of a claim in state court proceedings. Thus, the Court must reject Respondent's argument on this point.

Respondent also argues that Petitioner has failed to demonstrate why, on the existing record, he is entitled to an evidentiary hearing. As set forth above, to meet that burden Petitioner must show: (1) that the facts were not developed in the state court, and the failure is not

attributable to him; and (2) his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief.[39]

In his Supplemental Brief, Petitioner has submitted an alternative proposal for factual development. Under that proposal, the necessity and propriety of an evidentiary hearing would be determined at a later date. The Court agrees that this approach is proper. Therefore, the Court need not address this argument at this time. Rather, the Court will address whether an evidentiary hearing should be held at a later date.

## IV. CONCLUSION

Based on the above, the Court will permit Petitioner to engage in further factual development in accordance with his alternative proposal for factual development. Within fourteen (14) days of this Order, Petitioner shall submit a proposed scheduling order for the Court's signature. Respondent may file a response to the proposed scheduling order fourteen (14) days thereafter. Based on the above, the Court finds that the pending Motions for Discovery (Docket Nos. 165 and 169) are MOOT.

DATED December 9, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[39]*Id.*