IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>Petitioner,<br><br>vs.<br><br>STEVEN TURLEY,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA<br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on a Motion to Quash Subpoena filed by non-party Office of the Medical Examiner. The Office of the Medical Examiner seeks to quash a subpoena issued by counsel for Petitioner, seeking records pertaining to Petitioner and the victim. The Office of the Medical Examiner argues that the Utah Medical Examiner Act[1] and Utah's Government Records Access and Management Act ("GRAMA")[2] prevent it from producing the documents requested by Petitioner's counsel.

---

[1] Utah Code Ann. § 26-4-17.

[2] *Id*. § 63G-2-202.

1

The Office of the Medical Examiner brings this Motion to Quash pursuant to Fed.R.Civ.P. 45(c)(3)(A)(iii), which requires the Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." In federal question cases, such as this, privilege determinations depend solely on the application of federal statutes and general principles of common law as interpreted by federal courts.[3] Further, the burden of establishing the existence of a privilege is on the party claiming the privilege.[4]

Here, the Office of the Medical Examiner has not met its burden of proving the records at issue are privileged or protected under federal law. At most, the Office of the Medical Examiner has shown that such records are private for purposes of disclosure under GRAMA and are not subject to public disclosure under the Utah Medical Examiner Act. The Office of the Medical Examiner cites to nothing to suggest that these documents are privileged or protected under federal law. Indeed, district courts within this circuit have held that similar state open records laws do not establish the existence of privilege under Rule 45.[5] Therefore, the Court finds that the Office of the Medical Examiner has failed to meet its burden of establishing the existence of a privilege and the Court will deny the Motion to Quash.

---

[3] Fed.R.Evid. 501.

[4] *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

[5] *Mason v. Stock*, 869 F.Supp. 828, 831-35 (D. Kan. 1994); *Ledbetter v. City of Topeka*, 2001 WL 311196, *2 (D. Kan. March 7, 2001); *Reliastar Life Ins. Co. v. Warrior*, 2007 WL 2669558, *5 (D. Kan. Sept. 7, 2007).

The Office of the Medical Examiner requests that "[a]ny order for disclosure should consider appropriate limitations and restriction on use and further disclosure."[6] The Court agrees with this suggestion. Therefore, the Court orders the parties to meet and confer on appropriate language for a protective order to safeguard the information to be disclosed.

It is therefore

ORDERED that the Motion to Quash (Docket No. 360) filed by the Office of the Medical Examiner is DENIED. It is further

ORDERED that the parties meet and confer on appropriate language for a protective order to safeguard the information to be disclosed and submit a protective order with appropriate limitations and restriction on use and further disclosure to the Court within 14 days of this Order.

DATED   March 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6]Docket No. 361 at 5.