IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>Petitioner,<br><br>vs.<br><br>ALFRED C. BIGELOW, Warden,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO RECONSIDER AND SCHEDULING ORDER<br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on Respondent's Motion to Reconsider Decision on Further Factual Development and Dismissing Claims, as well as a number of related Motions. In his Motion, Respondent asks the Court to reconsider two prior decisions in light of the Supreme Court's recent decision in *Cullen v. Pinholster*.[1] The Court agrees that reconsideration is appropriate and finds that, under *Pinholster*, further factual development is futile.

---

[1] 131 S.Ct. 1388 (2011).

1

# I. BACKGROUND

Petitioner filed his Original Petition for Habeas Corpus Relief in this Court on March 25, 2004.[2] Respondent moved to dismiss the Original Petition on August 31, 2004.[3]

The Court denied Respondent's Motion on the issue of time bar on July 18, 2005.[4] The Court further agreed that a number of Petitioner's claims were unexhausted.[5] The Court denied Petitioner's request for a stay under *Rhines v. Weber*,[6] on January 26, 2006.[7] The Court granted Petitioner the option of either: (1) refiling his petition without the unexhausted claims; or (2) dismissing the entire Petition without prejudice.[8] Petitioner elected to file a Second Amended Petition, withdrawing his unexhausted claims.[9]

---

[2]Docket No. 98.

[3]Docket No. 110.

[4]Docket No. 136.

[5]*Id*.

[6]554 U.S. 269 (2005).

[7]Docket No. 152.

[8]*Id*.

[9]Docket No. 154. Petitioner has since been pursuing those claims in state court. *See* Docket No. 288.

On July 20, 2010, the Court found that a number of Petitioner's claims were procedurally defaulted and, therefore, dismissed those claims.[10] The Court later granted Petitioner's Request for Further Factual Development.[11]

Respondent now seeks reconsideration of the Court's Orders allowing further factual development and dismissing some of Petitioner's claims as procedurally defaulted. Respondent argues that the Court should rescind its order allowing Petitioner to develop additional factual support for his claims because such factual development would be futile under the recent Supreme Court decision of *Cullen v. Pinholster*. Respondent further argues that the Court should amend its order dismissing certain of Petitioner's claims to include claims XXVIII(a)(4) through (6), as those claims too are procedurally defaulted.

Petitioner opposes Respondent's Motion arguing that *Pinholster* does not categorically bar either factual development or an evidentiary hearing. Petitioner further argues that it is inappropriate for this Court to revisit its decision to allow factual development while the Utah state courts are still considering Petitioner's pending post-conviction petition. Petitioner argues that the Court should wait to determine the scope of its review under § 2254(d) until it determines whether to hold an evidentiary hearing. Petitioner also asserts that he should be allowed to continue with factual development before this Court for possible preparation of another state petition for post-conviction relief. Petitioner's final argument is that the Court

---

[10]Docket No. 323.

[11]Docket No. 347.

should not dismiss claims XXVIII(a)(4) through (6) because Petitioner may be able to show cause and prejudice to excuse any procedural default as to those claims.

## II. DISCUSSION

Though "the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for consideration,'" the Court "has the inherent power to reconsider its interlocutory rulings."[12] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[13] Grounds one and three are at issue here.

A.     FURTHER FACTUAL DEVELOPMENT

Respondent seeks reconsideration in light of the recent Supreme Court decision *Cullen v. Pinholster*. The Court in *Pinholster* held "that review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[14] That is, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."[15] The Court reasoned that the "backward-looking language" of § 2254(d)(1) "requires an examination of the state-court decision at the time it was made. It follows that the record under review is

---

[12] *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[13] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[14] *Pinholster*, 131 S.Ct. at 1398.

[15] *Id.* at 1400.

4

limited to the record in existence at that same time *i.e.*, the record before the state court."[16] Consequently, "evidence introduced in federal court has no bearing on § 2254(d)(1) review."[17]

Petitioner does not dispute that all but one of his claims were adjudicated by the state court on the merits. The only claim not adjudicated on the merits—claim XXVIII(a)(4) through (6)—is subject to dismissal for the reasons discussed below. Under the clear language of *Pinholster*, the Court's determination of these claims is limited to the record before the state court and other evidence "has no bearing" on this Court's review. Because this Court's review is limited, allowing further factual development would be futile.

Petitioner argues that *Pinholster* does not categorically bar either factual development or an evidentiary hearing. While this is true, *Pinholster* makes clear that this Court cannot consider evidence outside of the state court record when determining claims that have been adjudicated by the state court on the merits. As stated, all of Petitioner's remaining claims have been adjudicated by the state court on the merits. Therefore, while *Pinholster* does not create a categorical bar, further factual development in this case would be futile since the results of such factual development could not be considered by this Court in resolving Petitioner's claims.

Petitioner further argues that it is inappropriate for this Court to revisit its decision to allow factual development while the Utah state courts are still considering Petitioner's pending post-conviction petition. Petitioner, however, fails to explain why. It appears that Petitioner is again requesting the Court stay this action until the state court proceedings conclude. The Court

---

[16]*Id*. at 1398.

[17]*Id*. at 1400.

5

has rejected that request before and Petitioner has provided no basis for the Court to reconsider its decision.

Petitioner also argues that the Court should wait to determine the scope of its review under § 2254(d) until the time that it determines whether to hold an evidentiary hearing. Petitioner appears to argue that *Pinholster* does not apply where the petitioner, through no fault of his own, was prevented from presenting the facts on which his claims rest to the Utah courts.[18] Petitioner argues that he was prevented from developing factual support in state court because of a lack of funding.[19] It is unclear what impact *Pinholster* has on the "no fault of the petitioner" exception and the Court need not decide the issue. The Tenth Circuit has made clear that a lack of funding to develop the factual record does not meet the "no fault of the petitioner" exception.[20] Therefore, Petitioner's argument on this point is irrelevant.

Petitioner also asserts that he should be allowed to continue with factual development for possible preparation of a motion to reconsider this Court's procedural default ruling or another state petition for post-conviction relief. Petitioner, however, cites no authority for the proposition that he can use his federal habeas proceeding as a staging ground for a new state petition. Further, there is no pending motion for reconsideration on the procedural default ruling. Therefore, this argument does not justify denial of Respondent's Motion.

---

[18] Docket No. 396, at 7.

[19] *Id*. at 8.

[20] *Gardner v. Galetka*, 568 F.3d 862, 878 (10th Cir. 2009).

For all of the reasons stated above, the Court finds that further factual development in this case would be futile. Each of Petitioner's remaining claims, save one to be discussed below, were adjudicated by the state courts on the merits. The Supreme Court in *Pinholster* made clear that this Court's review of such claims is limited to the record that was before the state court. As a result, there is no need for further factual development in this case and the Court will not permit continued discovery.

B.   CLAIM  XXVIII(a)(4)-(6)

By a previous Order, the Court dismissed a number of Petitioner's claims as procedurally defaulted because the state court concluded they were procedurally barred.[21] The Court, however, did not list claim XXVIII(a)(4) through (6) as claims that were procedurally defaulted, despite the fact that those claims were identified by the Utah Supreme Court as being procedurally barred.[22] For the same reasons set forth in the Court's previous Order, the Court finds that claim XXVIII(a)(4) through (6) are procedurally defaulted. Therefore those claims should have been included in the previous Order as being dismissed.

Petitioner argues that the Court should not dismiss claim XXVIII(a)(4) through (6) because he may ask this Court to reconsider its procedural default ruling by arguing that there is cause and prejudice to relieve him of the procedural default rule. There is no pending motion to reconsider on this ground and the fact that Petitioner may seek reconsideration in the future does

---

[21]Docket No. 323.

[22]*Carter v. Galetka*, 44 P.3d 626, 632 (Utah 2001).

7

not present a valid reason to avoid dismissal. Therefore, the Court finds claim XXVIII(a)(4) through (6) to be procedurally defaulted and they will be dismissed.

C.     REMAINING ISSUES AND FURTHER PROCEEDINGS

There are several pending Motions that are all dependent on this Court's prior Order allowing further factual development. As the Court is now rescinding that Order, those Motions can be addressed summarily.

The Court has before it Petitioner's Motion for Discovery and Respondent's Renewed Motion for Discovery. As stated, further discovery in this matter is futile under *Pinholster*. Therefore, the parties' respective Motions for Discovery will be denied.

Petitioner has also filed a Motion seeking to modify the factual development schedule put in place by the Court. As the Court will not permit further factual development, there is no need to modify the factual development schedule and the Motion will be denied as moot.

Respondent has filed a Motion seeking to quash a subpoena Petitioner issued and served on the Clerk of the Fourth District Court. Petitioner seeks to strike Respondent's Motion to Quash. For substantially the same reasons set forth above, this Order resolves these Motions. Therefore, Respondent's Motion to Quash will be granted and Petitioner's Motion to Strike will be denied as moot.

Based on the above, the Court finds that it is now appropriate to consider the merits of Petitioner's remaining claims. The Court will permit briefing on the merits of these claims. Petitioner shall file his brief by August 29, 2011. Respondent's brief is due by October 31, 2011. Petitioner may file a reply brief by November 30, 2011.

## III.  CONCLUSION

It is therefore

ORDERED that Respondent's Motion to Reconsider Decision on Further Factual Development and Dismissing Claims (Docket No. 378) is GRANTED.  The Court's prior order allowing further factual development (Docket No. 347) is VACATED.  It is further

ORDERED that Respondent's Renewed Motion for Discovery (Docket No. 351) is DENIED AS MOOT.

ORDERED that Petitioner's Motion for Discovery (Docket No. 369) is DENIED AS MOOT.  It is further

ORDERED that Petitioner's Motion for Modification of Factual Development Schedule (Docket No. 376) is DENIED AS MOOT.  It is further

ORDERED that Respondent's Motion to Quash (Docket No. 390) is GRANTED.  It is further

ORDERED that Petitioner's Motion to Strike (Docket No. 394) is DENIED AS MOOT.

The remaining claims in the Second Amended Petition are now ripe for decision. Petitioner shall file his brief on the merits of his claims by August 29, 2011.  Respondent's brief is due by October 31, 2011.  Petitioner may file a reply brief by November 30, 2011.

DATED   June 24, 2011.

BY THE COURT:

TED STEWART
United States District Judge