IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>    Petitioner,<br><br>vs.<br><br>ALFRED C. BIGELOW, Warden of the Utah State Prison,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b)<br><br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on Petitioner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b). Respondent argues that Petitioner's remaining claims should be dismissed for lack of prosecution and for failing to obey Court orders. The Victim Representative also requests the Court grant Respondent's Motion as a way to protect the rights established in 18 U.S.C. § 3771.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit has identified certain factors to consider in determining whether a dismissal under Rule 41(b) is warranted. These factors include: (1) the degree of actual prejudice to Respondent; (2)

1

the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[1]  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[2]  The Tenth Circuit has noted that "dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort."[3]

Considering these factors, the Court finds that dismissal is not appropriate here. There has been delay in this case and that delay has interfered with the prompt disposition of this matter. However, the Court cannot lay all of the blame for that delay at Petitioner's feet, as Respondent argues. Both the parties and the Court share some responsibility for the delay that has occurred. While resolution of this matter has been slow, progress has been made. Therefore, while the first two *Ehrenhaus* factors may support dismissal, the third does not. Further, the Court has not warned Petitioner that dismissal would be a likely sanction for noncompliance, nor does the Court believe such a warning is necessary at this time. Finally, the Court finds that no sanction is warranted here and that lesser sanctions in the future are likely to cure any noncompliance.

---

[1] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Respondent argues that consideration of these factors should be adjusted in a habeas action. Respondent, however, cites nothing to support this argument and acknowledges that the Tenth Circuit has previously applied the *Ehrenhaus* factors to habeas proceedings. *See Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). Therefore, the Court will apply these factors in determining the instant Motion.

[2] *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.7 (10th Cir. 1998).

[3] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007).

It is therefore

ORDERED that Petitioner's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (Docket No. 420) is DENIED.

DATED October 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge