IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>    Petitioner,<br><br><br><br><br><br>        vs.<br><br><br>ALFRED C. BIGELOW, Warden of the Utah State Prison,<br><br>        Respondent. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO STAY PROCEEDINGS PURSUANT TO *RHINES V. WEBER*<br><br><br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on Petitioner's Motion to Stay Proceedings Pursuant to *Rhines v. Weber*.[1]  Petitioner seeks to stay this proceeding while he seeks to exhaust certain new claims based on alleged violations of *Brady*[2] and *Napue*.[3]  Petitioner states that he has recently discovered evidence to support these new claims and that he has asked the state court to re-open his state post-conviction proceedings so that he may exhaust these newly discovered claims.

---

[1]544 U.S. 269 (2005).

[2]*Brady v. Maryland*, 373 U.S. 83 (1963).

[3]*Napue v. Illinois*, 360 U.S. 264 (1959).

1

Petitioner asks this Court to stay this proceeding and hold it in abeyance while he returns to state court.  In the alternative, Petitioner requests an additional forty-five days to complete his brief on the merits regarding the remaining issues.  Respondent and the Victim Representative both oppose Petitioner's request.  For the reasons discussed below, the Court will deny without prejudice Petitioner's Motion to Stay, but will grant Petitioner an additional thirty days to complete his merits briefing.

## I.  BACKGROUND

The following facts are relevant to this Motion.  Petitioner was convicted and sentenced to death for the murder of Eva Oleson.  The evidence presented at Petitioner's trial included the testimony of Epifanio and Lucia Tovar, who have been described as "the State's key witnesses."[4] "[T]he Tovars' testimony corroborated Carter's confession by placing him in the Oleson's home on the night of the murder and provided persuasive evidence that he committed the homicide."[5] The Tovars' testimony was also used in Petitioner's 1992 penalty hearing.

Petitioner has now provided declarations from the Tovars wherein the Tovars state that they were provided money and other items from Provo City Police Officers.  Petitioner has also provided declarations from Petitioner's prior counsel who state that they were not provided with information that the Tovars received favorable treatment.  Petitioner has also provided declarations from former jurors who state that this evidence would have impacted their decision. Petitioner argues that, by failing to provide this information, the prosecution violated its

---

[4] *State v. Carter*, 888 P.2d 629, 645 (1995).

[5] *Id.*

obligations under *Brady* and *Napue*. Petitioner alleges that these newly discovered facts support

"a panoply of potentially meritorious claims."[6] Petitioner states that he "has returned to the state

post-conviction court to present and fully develop his newly discovered factual support for his

claims."[7] Petitioner now seeks to stay this matter and hold it in abeyance while he completes this

task.

## II.  DISCUSSION

Petitioner seeks a stay pursuant to *Rhines v. Weber*. *Rhines* addressed the issue of the

one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act

("AEDPA") and "mixed" petitions—a "petition for habeas corpus relief in which a state prisoner

presents a federal court with a single petition containing some claims that have been exhausted in

the state courts and some that have not."[8]  *Rhines* addressed AEDPA's one year statute of

limitations and the total exhaustion requirement of *Rose v. Lundy*.[9]  The interplay of these

provisions meant that "petitioners who come to federal court with 'mixed' petitions run the risk

of forever losing their opportunity for any federal review of their unexhausted claims."[10]

To address this problem, the Court endorsed a "stay-and-abeyance" procedure where "a

district court might stay the petition and hold it in abeyance while the petitioner returns to state

---

[6]Docket No. 414, at 15.

[7]*Id*. at 2.

[8]*Rhines*, 544 U.S. at 271.

[9]*Id*. at 275 (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

[10]*Id*.

3

court to exhaust his previously unexhausted claims."[11]  The Court found that a stay would be appropriate where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[12]

The Court, noted, however, that

[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.[13]

Therefore, "stay and abeyance should be available only in limited circumstances."[14]

The Court finds that a stay and abeyance is not appropriate here.  Neither the factual basis nor the purpose supporting the stay-and-abeyance procedure approved by *Rhines* is presented here.  As stated, *Rhines* allowed for a stay and abeyance in the limited circumstance of a "mixed" petition, that is a petition containing both exhausted and unexhausted claims.  The purpose of allowing for a stay is to allow a petitioner to exhaust his unexhausted claims without risk of losing federal review of those claims.  That is not the situation before the Court.  Petitioner has eliminated all unexhausted claims from his Petition.  Despite Petitioner's arguments to the contrary, the new claims discussed in this Motion are not before the Court.  These claims are not

---

[11]*Id*. at 275.

[12]*Id*. at 278.

[13]*Id*. at 277.

[14]*Id*.

included in his Petition and Petitioner has not sought to amend his Petition to include these claims.  While Petitioner argues that "he should be allowed to amend or supplement [his] claim[s], once the facts are exhausted,"[15] this is an issue for another day.  Therefore, Petitioner's Motion for a stay is premature.[16]  The proper procedure would be for Petitioner to move to amend his current Petition to add the new, unexhausted claims, then seek a stay.  Petitioner must, of course, show that the proposed amendment is timely.  Petitioner could renew his Motion to Stay if the Court allows Petitioner to amend his Petition to include these new claims.

Having found that a stay is premature, the Court need not discuss the parties' arguments concerning the merits of a *Rhines* stay.  The Court also need not address the respective arguments on the merits of Petitioner's motion before the state court.  Whether Petitioner's 60(b) Motion is the proper vehicle to achieve the relief he seeks is a matter for the state court.  Finally, the Court need not consider Respondent's argument that Petitioner's new claims are "plainly meritless."

In addition to seeking a stay, Petitioner requests an additional forty-five days after the determination of this Motion to file his merits brief.[17]  Petitioner's brief was due on August 29, 2011, but he filed this request before that date.  Petitioner has provided no reason why he could not complete his merits brief within the time allowed or why he needs an additional forty-five days to complete his brief.  However, given the instant Motion and Respondent's Motion to

---

[15]Docket No. 423, at 4.

[16]*See Spells v. Lee*, 2011 WL 2532907, at *1 (E.D. N.Y. June 23, 2011) (finding motion for stay premature where petitioner had not raised new claims in his habeas petition and where petition was not "mixed").

[17]In the future, the better practice would be for Petitioner to file a separate motion for extension of time rather than including that request in a more substantive motion.

Dismiss, the Court finds that additional time is warranted.  Therefore, the Court will allow

Petitioner an additional thirty days from the date of this Order to file his merits brief.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Stay Proceedings Pursuant to *Rhines v. Weber*

(Docket No. 414) is DENIED WITHOUT PREJUDICE.  Petitioner's merits brief is due within

thirty (30) days of this Order.  Respondent's brief is due sixty (60) days thereafter.  Petitioner

may file a reply brief thirty (30) days after the filing of Respondent's brief.

DATED   October 24, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge