IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER, Petitioner, vs. ALFRED C. BIGELOW, Warden, Respondent. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO STRIKE AND DENYING MOTION TO AMEND AND RENEWED MOTION TO STAY <br><br> Case No. 2:02-CV-326 TS |

This matter is before the Court on two Motions to Strike, one filed by the Victim's Representative and one filed by Respondent. Both Motions seek to strike Petitioner's recently filed Motion to Amend and Renewed Motion to Stay. The Court will grant both Motions to Strike and will deny Petitioner's Motion to Amend and Renewed Motion to Stay for the reasons set forth below.

I.  BACKGROUND

On September 8, 2011, Respondent filed a Motion to Dismiss for Lack of Prosecution. The Victim's Representative similarly sought dismissal to protect the rights established in the Crime Victims' Rights Act.  The Court denied the requests to dismiss this action.

The Victim's Representative sought a writ of mandamus from the Tenth Circuit Court of Appeals pursuant to 18 U.S.C. § 3771(d)(3).  Specifically, the Victim's Representative sought

> a writ of mandamus directing the district court to (1) reconsider, in light of his CVRA rights, within two weeks its denial of the State's motion to dismiss Carter's remaining § 2254 claims; (2) afford Mr. Olesen his rights under § 3771(a)(3), (4), (7), and (8) in all future proceedings; and (3) avoid all further unwarranted delay and to report to this court within two weeks with a scheduling order to resolve the remaining issues in the habeas case by the end of 2011, if reconsideration of the motion to dismiss does not result in dismissal.[1]

Petitioner opposed the Victim's Representative's request for a writ of mandamus.  During the briefing before the Tenth Circuit, Petitioner informed that court that he intended to file with this Court "a motion to amend his petition and a renewed motion to stay based upon the *Brady* and *Napue* violations" at issue in his previous motion to stay.[2]  Importantly, this Court has previously held that Petitioner's new *Brady* and *Napue* claims are not included in the Petition currently before the Court.[3]

On November 4, 2011, the Tenth Circuit denied the Victim's Representative's request for mandamus, though that court agreed "that the more than nine-and-a-half-year delay [in this case]

---

[1] Docket No. 445, at 1-2.

[2] Docket No. 457, Ex. 1, at 11-12; *see also id*. at 17-19 & n.6.

[3] Docket No. 437, at 4-5.

is too long."[4]  Despite this, the court found that it could not conclude that the Victim's Representative was entitled to dismissal of this action.  The court stated that "[a] part of our consideration is the likelihood that under the present briefing schedule this habeas action will soon be concluded by a final ruling by the district court."[5]  The Tenth Circuit concluded by "encourag[ing] the district court to hold firm to the briefing schedule and to decide the case promptly after briefing is completed."[6]

In a footnote, the Tenth Circuit addressed Petitioner's statements concerning his plan to seek amendment of his petition based on the *Brady* and *Napue* violations.  The court stated: "To the extent Mr. Carter seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition."[7]

On November 10, 2011, Petitioner filed a Motion to Amend and a Renewed Motion to Stay.[8]  Petitioner seeks to amend and supplement his current petition to add and supplement claims based on the alleged *Brady* and *Napue* violations.  Petitioner also renews his request to stay this matter while he exhausts these claims in state court.

---

[4]Docket No. 445, at 6.

[5]*Id*. at 7.

[6]*Id*. at 8.

[7]*Id*. at 8 n.4.

[8]Docket Nos. 446 & 448.

The Victim's Representative and Respondent have both filed Motions seeking to strike these two Motions. Both the Victim's Representative and Respondent argue that, by filing this Motion to Amend and Renewed Motion to Stay, Petitioner has acted contrary to the directive of the Tenth Circuit that any new claims must be pursued under the procedures set forth in 28 U.S.C. § 2244. In addition, the Victim's Representative argues that Petitioner has violated his rights to proceedings free from unreasonable delay and his right to be treated with fairness.[9]

## II. DISCUSSION

Two important principles are at issue in the determination of the Motions to Strike. First, "federal district courts have the inherent power to manage their business 'so as to achieve the orderly and expeditious disposition of cases.'"[10] Second, a lower court is not at liberty to act contrary to what is dictated by a higher court.[11] With these basic principles in mind, the Court turns to the Motions to Strike.

As set forth above, this Court previously found that Petitioner's newly alleged *Brady* and *Napue* claims are not included in his current petition. During the briefing of the writ of mandamus, Petitioner repeatedly informed the Tenth Circuit that it would seek to amend his Petition in this Court to add these claims. In apparent response to these statements from Petitioner, the Tenth Circuit specifically directed that "[t]o the extent Mr. Carter seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the

---

[9] *See* 18 U.S.C. § 3771(a)(7), (8).

[10] *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

[11] *Ute Indian Tribe v. State of Utah*, 935 F. Supp. 1473, 1516-18 (D. Utah 1996).

procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition."[12] The Court finds that, by filing the Motion to Amend, Petitioner has acted in a way that is clearly contradictory to the plain language of the Tenth Circuit. If Petitioner seeks to add new claims, the Tenth Circuit has specifically dictated that he must follow the procedures in § 2244 for filing a second or successive petition.

Petitioner makes a variety of arguments in opposition to the Motions to Strike. First, Petitioner argues that the Motions are not appropriate under Fed.R.Civ.P. 12(f). Both Respondent and the Victim's Representative cite to Rule 12(f) as a basis to strike the Motion to Amend and Renewed Motion to Stay. Rule 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 7 defines pleadings to include a complaint, an answer, and similar documents, but does not include motions. As the documents at issue are not "pleadings" under the Federal Rules of Civil Procedure, Petitioner argues that Rule 12(f) is an improper vehicle to strike the Motions.[13] This argument, however, ignores the Court's inherent authority to manage its own docket to allow for the disposition of cases. Therefore, the Court must reject Petitioner's argument.

Petitioner next argues that the Motions to Strike are premature as he has filed a Petition for Panel Rehearing in which he seeks to have the language at issue stricken from the Tenth Circuit's decision.[14] The Court disagrees. The Tenth Circuit encouraged this Court to "hold firm

---

[12] Docket No. 445, at 8 n.4.

[13] Docket No. 463, at 3.

[14] *See* Docket No. 457, Ex. 2.

to the briefing schedule and to decide the case promptly after briefing is completed."[15] By granting the Motions to Strike, the Court can more effectively focus on those issues that remain before the Court. If Petitioner is ultimately successful in his Petition for Panel Rehearing, Petitioner may take any action he deems necessary at the appropriate time.

Petitioner also argues that the language at issue in the Tenth Circuit's decision is dicta and does not control this Court's actions. Again the Court must disagree with Petitioner's assessment. The Tenth Circuit was well aware of the procedural history of this case and of Petitioner's plans to raise his new *Brady* and *Napue* claims in this Court. It appears that the Tenth Circuit's statements concerning new claims were directed at precisely the situation before the Court. As was aptly stated by the Victim's Representative, "[t]he Tenth Circuit said what it meant and meant what it said."[16] The Court and Petitioner are not at liberty to ignore the clear statement by the Tenth Circuit that, if Petitioner seeks to add new claims, he must follow the procedures set out in 28 U.S.C. § 2244.

This brings the Court to Petitioner's next argument, which is that the language in the Tenth Circuit decision does not apply to his *Brady* and *Napue* claims. Petitioner argues that the Tenth Circuit's restriction is only related to claims not already asserted and that his new claims are related to claims already in his Petition. This argument, however, ignores this Court's previous ruling that Petitioner's new claims are not included in his Petition. Therefore this argument fails.

---

[15]Docket No. 445, at 8.

[16]Docket No. 471, at 5.

Petitioner's next argument is that the Tenth Circuit's decision is at odds with Supreme Court precedent. This argument is better addressed to the Tenth Circuit, which Petitioner has done in his Petition for Panel Rehearing. Therefore, the Court need not address it.

Petitioner's final argument is that the Victim's Representative's rights under the CVRA do not trump Petitioner's due process rights. Petitioner is correct that he has a due process right to have his case decided. However, under the CVRA, the Victim's Representative is afforded certain rights, namely the right not to be excluded from court proceedings, the right to be heard, the right to proceedings free from unreasonable delay, and the right to be treated with fairness and respect.[17] Additionally, the Respondent has an interest in the finality of Petitioner's state court conviction. It is the Court's responsibility to consider and balance these rights. In this instance, where the Tenth Circuit has provided specific guidance on how Petitioner should proceed with claims that are not included in his Petition and Petitioner has ignored that guidance, the Court finds that striking the Motion to Amend and Renewed Motion to Stay is an appropriate measure.

In addition to the above, the Victim's Representatives argues that Petitioner's proposed amendment should be denied because it will unduly prolong and complicate this case and will violate the Victim's Representative's right to proceedings free from unreasonable delay and his right to be treated with fairness.

Fed.R.Civ.P. 15(a) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave." "Congress enacted [the Antiterrorism and Effective

---

[17] 28 U.S.C. § 3771(a)(3), (4), (7), & (8).

Death Penalty Act ("AEDPA")] to advance the finality of criminal convictions."[18] In considering a request to amend a habeas petition under Rule 15(a), a court should consider the aims of AEDPA.[19] Under Rule 15 and AEDPA, the Court has "the right to disapprove proposed amendments that would unduly prolong or complicate the case."[20]

Allowing Petitioner to amend his Petition to add new, unexhausted claims would frustrate the purpose of AEDPA, unduly prolong this already delayed case, further complicate an already complicated matter, and run afoul of the Tenth Circuit's recent decision. This is especially true, where as here, Petitioner's Motion to Amend seeks much more than simply permission to amend claims. In his Motion, Petitioner not only seeks amendment but also requests the Court revisit a number of its prior rulings, grant him leave to conduct further discovery, grant him the authority to further amend or supplement his Petition, and conduct an evidentiary hearing. Petitioner essentially seeks to undue much of what has already occurred in this matter and his request, if granted, would put this case well into its second decade of litigation. The Tenth Circuit held that the "nine-and-a-half-year delay [in this case] is too long."[21] That court encouraged this Court to

---

[18]*Mayle v. Felix*, 545 U.S. 644, 662 (2005).

[19]*See Ellzey v. United States*, 324 F.3d 521, 526 (7th Cir. 2003) (noting that AEDPA is designed to expedite the resolution of collateral attacks and this concern "should influence the exercise of discretion under Rule 15(a)").

[20]*Id*.

[21]Docket No. 445, at 6.

hold to the briefing schedule established "and to decide the case promptly after briefing is completed."[22]

Based upon all of these considerations, the Court finds that amendment is not proper in this matter and will not be permitted. The Court further finds that disallowing amendment is necessary to protect the Victim's Representative's statutory right to a proceeding free from unreasonable delay and his right to be treated with fairness. Therefore, the Court will deny Petitioner's Motion to Amend. As Petitioner's Renewed Motion to Stay is premised on his Motion to Amend, it too will be denied.

### III.  CONCLUSION

It is therefore

ORDERED that the Motions to Strike filed by the Victim's Representative and Respondent (Docket Nos. 452 and 456) are GRANTED. It is further

ORDERED that Petitioner's Motion to Amend and Renewed Motion to Stay (Docket Nos. 446 and 448) are DENIED AND STRICKEN.

DATED   December 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[22] *Id*. at 8.