IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER,<br><br>Petitioner,<br><br>vs.<br><br>ALFRED C. BIGELOW, Warden of the Utah State Prison,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 2:02-CV-326 TS |

This matter is before the Court on Petitioner's Motion for Reconsideration. Petitioner seeks reconsideration of this Court's order denying and striking Petitioner's Motion to Amend and Renewed Motion to Stay. Petitioner argues that the Court's previous order should be reconsidered because the Court did not allow him to file reply briefs to these motions, but rather ruled, on an expedited basis, on motions to strike filed by Respondent and the Victim's Representative. Petitioner argues that, had the Court waited, he would have presented additional argument on his motions. The Court finds that Petitioner has provided nothing showing that reconsideration is either appropriate or necessary. Therefore, the Motion will be denied.

I.  BACKGROUND

The following facts are relevant to this Motion.  On June 27, 2011, the Court established a briefing schedule to resolve the merits of the remaining claims in Petitioner's Amended Petition.  Shortly before Petitioner's merits brief was due, he filed a Motion to Stay.[1]  Petitioner sought to stay this matter while he returned to state court to exhaust new *Brady* and *Napue* claims.  Respondent and the Victim's Representative both opposed the Motion to Stay.[2]

On September 8, 2011, Respondent filed a Motion to Dismiss for Lack of Prosecution.[3]  The Victim's Representative similarly sought dismissal to protect the rights established in the Crime Victims' Rights Act.[4]  The Court denied the requests to dismiss this action[5] and, on the same day, denied Petitioner's Motion to Stay without prejudice.[6]

The Victim's Representative sought a writ of mandamus from the Tenth Circuit Court of Appeals pursuant to 18 U.S.C. § 3771(d)(3).  Petitioner opposed the Victim's Representative's request for a writ of mandamus.  During the briefing before the Tenth Circuit, Petitioner informed that court that he intended to file with this Court "a motion to amend his petition and a

---

[1] Docket No. 414.

[2] Docket Nos. 417 & 418.

[3] Docket No. 420.

[4] Docket No. 422.

[5] Docket No. 436.

[6] Docket No. 437.

renewed motion to stay based upon the *Brady* and *Napue* violations" at issue in his previous motion to stay.[7]

On November 4, 2011, the Tenth Circuit denied the Victim's Representative's request for mandamus, though that court agreed "that the more than nine-and-a-half-year delay [in this case] is too long."[8] Despite this, the Tenth Circuit found that it could not conclude that the Victim's Representative was entitled to dismissal of this action. The court stated that "[a] part of our consideration is the likelihood that under the present briefing schedule this habeas action will soon be concluded by a final ruling by the district court."[9] The Tenth Circuit concluded by "encourag[ing] the district court to hold firm to the briefing schedule and to decide the case promptly after briefing is completed."[10]

In a footnote, the Tenth Circuit stated: "To the extent Mr. Carter seeks to assert in the district court any new claims not already asserted in the habeas petition, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition."[11] Petitioner sought panel rehearing asking the Tenth Circuit to remove this footnote.

---

[7]Docket No. 457, Ex. 1, at 11-12; *see also id*. at 17-19 & n.6.

[8]Docket No. 445, at 6.

[9]*Id*. at 7.

[10]*Id*. at 8.

[11]*Id*. at 8 n.4.

Petitioner argued that this footnote was "a misstatement of law that the lower district court may feel obligated to follow."[12]  The Tenth Circuit denied Petitioner's petition for panel rehearing.[13]

On November 10, 2011, Petitioner filed a Motion to Amend and a Renewed Motion to Stay.[14]  Petitioner sought to amend his current petition to add claims based on the alleged *Brady* and *Napue* violations.  Petitioner also renewed his request to stay this matter while he exhausts these claims in state court.

The Victim's Representative and Respondent sought to strike these two Motions.[15]  The Court granted Motions filed by the Victim's Representative and Respondent to expedite consideration of the Motions to Strike,[16] but did not alter the briefing schedule for Petitioner's two Motions.

On December 6, 2011, the Court granted the Motions to Strike.  The Court did so by relying on its inherent power to manage its docket, as well as the footnote in the Tenth Circuit's decision.  The Court found that Petitioner sought to add new claims and that, under the clear directive of the Tenth Circuit, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition to do so.  By filing the Motion to Amend and Renewed Motion to Stay, the Court found Petitioner to be in violation of the Tenth Circuit's

---

[12]Docket No. 488, Ex. 1.

[13]*Id.*, Ex. 2.

[14]Docket Nos. 446 & 448.

[15]Docket Nos. 452 & 456.

[16]Docket Nos. 460 & 461.

directive.  Therefore, the Court granted the Motions to Strike.  The Court further found that allowing amendment would frustrate the purposes of AEDPA and denied the Motion to Amend on the merits.  Petitioner now seeks reconsideration of the Court's previous order.

## II.  DISCUSSION

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for consideration.'  Of course, a district court always has the inherent power to reconsider its interlocutory rulings."[17]  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[18]  "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[19]

The Court finds that Petitioner has not presented any grounds warranting reconsideration.  Rather, Petitioner is merely revisiting issues that this Court and the Tenth Circuit have already rejected.

Petitioner first argues that the Court should have permitted him to file a reply brief to his Motion to Amend and Renewed Motion to Stay.  The Court will concede that the better practice would have been to expedite briefing on all motions, rather than just the Motions to Strike.

---

[17]*Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[18]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[19]*Id*. (citation omitted)

However, the Court cannot find that Petitioner has suffered any prejudice. All of these issues were fully briefed in the Motion to Amend, Renewed Motion to Stay, and Motions to Strike. Further, Petitioner has received another full round of briefing on these same issues with the filing of the instant Motion. In short, all parties have been given a full opportunity to address the issues in the various motions. Therefore, the Court finds that the failure to allow reply briefs does not provide a sufficient basis for reconsideration.

Petitioner's Motion for Reconsideration is further premised on the idea that the Court's decision is inconsistent with the Tenth Circuit's decision in *Douglas v. Workman*.[20] As an initial matter, the Court notes that Petitioner made the same argument to the Tenth Circuit when seeking panel rehearing. The fact that panel rehearing was not granted and the footnote remained is of significance. Further, a reading of *Douglas* reveals that it is not controlling here.

In *Douglas*, the Tenth Circuit faced an "unusual case" where "Douglas's *Brady* claim should be treated, not as a second or successive request for habeas relief, but instead as a supplement to his initial habeas petition."[21] The court based its decision on seven factors, including that: (1) Douglas's initial habeas petition was still open and pending; (2) Douglas's pending prosecutorial misconduct claim was closely related to his *Brady* allegations; (3) the prosecutor misconduct involved wilful and intentional violations; (4) the prosecutor actively concealed his violation; (5) Douglas's case was a death penalty case; (6) there was inequity in treatment between Douglas and a co-defendant; and (7) the relief was not inconsistent with

---

[20] 560 F.3d 1156 (10th Cir. 2009).

[21] *Id.* at 1189.

AEDPA purposes.[22]  While the Tenth Circuit noted that a habeas petitioner need not establish all of these factors, "they serve to narrow significantly the circumstances that would justify permitting a habeas petitioner to supplement his first habeas petition in the same manner."[23]

In this case, Petitioner can only point to the fact that his Petition is still open and pending and that he is under a sentence of death.  The other factors found to be relevant in *Douglas* are not found in this case.  Therefore, the unusual circumstances at issue in *Douglas* are not present and consideration of *Douglas* does not mandate a different result.

The Victim's Representative asks this Court to not only deny the Motion for Reconsideration, but also warn Petitioner of possible future sanctions.  The Victim's Representative argues that Petitioner's "conduct over the course of the entire proceeding is more than sufficient for this Court to at least warn Carter that any future conduct in attempt to delay the proceedings including any direct or indirect assertion of an amendment to his pleadings may result in significant sanctions by this Court."[24]

As set forth above, the Tenth Circuit encouraged this Court to hold firm to the briefing schedule and to decide the case promptly after briefing is completed.  The Court intends to do so. Any attempt by any party to unduly delay the prompt disposition of the remaining claims may result in sanctions.

---

[22]*Id*. at 1190-96.

[23]*Id*. at 1190 n.20.

[24]Docket No. 483, at 5.

Though no further clarification seems necessary, the Court wishes to make its decision clear.  If Petitioner seeks to assert his new *Brady* and *Napue* claims, he must follow the procedures set forth in 28 U.S.C. § 2244 for filing a second or successive § 2254 habeas petition.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Reconsideration (Docket No. 478) is DENIED.

DATED   January 20, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge