IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER, <br><br> Petitioner, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT |
| vs. | |
| ALFRED C. BIGELOW, Warden, Utah State Prison, <br><br> Respondent. | Case No. 2:02-CV-326 TS |

This matter is before the Court on Petitioner's Motion for Relief from Judgment. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

The facts surrounding this case have been fully discussed in the Court's prior orders,[1] and need not be repeated here. The facts relevant to this Motion are as follows. Petitioner filed his Petition for Habeas Corpus Relief with this Court on March 25, 2004.[2] On July 18, 2005, the

---

[1]*See* Docket No. 508.

[2]Docket No. 98.

1

Court found that a number of the claims raised in the Petition were unexhausted.[3]  After the Court denied Petitioner's request for a stay under *Rhines v. Weber*,[4] Petitioner was "given the choice of refiling the federal habeas petition containing only his unexhausted claims, or having the Court dismiss the entire Petition without prejudice."[5]

Petitioner informed the Court, on February 24, 2006, that he intended to withdraw his unexhausted claims from his Petition,[6] and thereafter filed his Second Amended Petition.[7]

Around the same time, Petitioner filed a successive petition in state court.[8]  On April 27, 2009, the state district court issued an order dismissing Petitioner's successive petition on various grounds.[9]  Of importance here, some claims were dismissed because those claims had been raised and rejected in prior proceedings.[10]

On July 20, 2010, this Court granted, in part, Respondent's motion to dismiss, finding that certain of Petitioner's claims were procedurally defaulted.[11]  After receiving briefs on the

---

[3] Docket No. 136.

[4] 544 U.S. 269 (2005).

[5] Docket No. 152, at 16-17 (citing *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999)).

[6] Docket No. 153.

[7] Docket No. 154.

[8] Docket No. 235, Ex. 2.

[9] Docket No. 288, Ex. 3.

[10] *Id*. at 42-46.

[11] Docket No. 323.

merits of the remaining claims, the Court issued an order denying the Second Amended Petition on September 11, 2012.[12]

On October 5, 2012, the Utah Supreme Court issued an opinion affirming the district court's dismissal of Petitioner's successive petition.[13] Petitioner now seeks reconsideration of the Court's prior orders in light of the Utah Supreme Court's recent decision.

## II. DISCUSSION

Petitioner files his Motion pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Relief under Rule 60(b) "'is extraordinary and may only be granted in exceptional circumstances.'"[14] "Such circumstances will rarely occur in the habeas context."[15] "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."[16] "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."[17]

---

[12] Docket No. 508.

[13] *Carter v. State*, ---P.3d---, 2012 WL 4767263 (Utah Oct. 5, 2012).

[14] *Amoco Oil Co. v. U.S. Env't Prot. Agency*, 231 F.3d. 694, 697 (10th Cir. 2000) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

[15] *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

[16] *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).

[17] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

Petitioner argues that the recent decision of the Utah Supreme Court calls into question this Court's prior order finding that certain claims were unexhausted.[18] Petitioner points to the following language in the Utah Supreme Court's opinion. After reviewing the procedural history of Petitioner's case, both in the state courts and this Court—including the finding by this Court that certain claims were unexhausted, the withdrawal of those claims by Petitioner, and the filing of a successive petition by Petitioner in state court—the court noted in a footnote:

> At oral argument on the motion to dismiss, current counsel observed, "I'm struck by the fact that there are arguments that in some respects . . . these issues have been raised and decided; and if they have, then the Court just needs to say that, because then they were in fact exhausted for federal purposes." Today we say precisely that.[19]

Petitioner argues that this language shows that Petitioner did, in fact, exhaust his claims for relief in the state courts and that this Court's ruling that certain claims were unexhausted is incorrect. While the Court agrees that this language can be read to support Petitioner's argument, the Court must disagree with Petitioner's ultimate conclusion.

The language from the Utah Supreme Court must be put in its proper context. The Utah Supreme Court was reviewing the district court's denial of Petitioner's successive petition. The district court dismissed the successive petition on a number of grounds. The Utah Supreme Court held that: (1) certain claims raised in the successive petition were procedurally barred and

---

[18] In his Motion, Petitioner cites to Docket No. 323 as the decision finding that certain claims were unexhausted. Docket No. 323 did not find that claims were unexhausted. Rather, Docket No. 323 held that certain claims were procedurally defaulted. Presumably, Petitioner is referring to Docket No. 136.

[19] *Carter*, ---P.3d---, 2012 WL 4767263, at *1 n.5.

that no exception excused the procedural bar; and (2) Petitioner had not shown ineffective assistance of post-conviction counsel. Some of the claims that were found to be procedurally barred were barred because they had been raised and rejected previously.

When reviewed in the context of the entire decision, the statement by the Utah Supreme Court in the footnote becomes clear. The Utah Supreme Court was not making a pronouncement that all of the claims in the successive petition were previously exhausted for purposes of federal review. Rather, the court was agreeing with Petitioner's counsel that certain issues had been "raised and decided" in prior state court proceedings.[20] Because these claims had been previously raised and rejected, the court found that nine categories of claims were procedurally barred.[21] Petitioner "effectively concede[d]" that these claims had been raised and rejected in the previous state court proceedings.[22]

By making this statement, the Utah Supreme Court did not call into doubt this Court's prior order finding that certain claims were unexhausted. Rather, the Utah Supreme Court's opinion illustrates that Petitioner presented more claims in his successive state court petition than required. A review of the broad categories of claims that the Utah Supreme Court found to be

---

[20]*Id.*

[21]*Id.* at *3.

[22]*Id.* at *4. Footnote 5 could also be read as a statement from the Utah Supreme Court that the remainder of the claims in the successive petition had been presented to and ruled on by that court, potentially making them exhausted and available for federal review. Petitioner's Motion, however, only argues that the Court's previous order was incorrect based on his assertion that certain claims were in fact exhausted. Petitioner does not argue that, based on the Utah Supreme Court's decision, certain claims may now be exhausted and ripe for federal review, and the Court does not address this argument.

procedurally barred because they were raised and rejected previously confirms that Petitioner included claims that this Court found to be exhausted. The majority of the claims identified by the Utah Supreme Court as being raised and rejected were addressed by this Court on the merits.

The Court will admit that there are some discrepancies between those broad categories identified by the Utah Supreme Court as being procedurally barred for being previously raised and rejected and those claims that this Court found to be unexhausted. These discrepancies appear to be based on the different standards at issue and the manner in which the claims were addressed by each court. As stated by Respondent, the question of whether a claim is procedurally barred in state court is different from whether it is exhausted for purposes of federal review.

Even if the Court were to assume that certain claims were incorrectly found to be unexhausted, Petitioner is still not entitled to relief. Petitioner's Motion fails to identify a single claim or subclaim that he alleges was exhausted, but was found to be unexhausted by this Court.[23] Nor does he discuss whether such claim(s) or subclaim(s) would be procedurally defaulted, how he may succeed on the merits, or how the consideration of such claim(s) or subclaim(s) would alter the Court's previous orders. As a result, the Court finds that Petitioner has not met his heavy burden and the Motion must be denied.

---

[23]Petitioner argues that he "has repeatedly sought the opportunity to file supplemental briefing in order to establish, *inter alia*, that he did, in fact, exhaust certain claims in the Utah state courts." Docket No. 518, at 2. However, he has failed to use the opportunity of this Motion to make any such argument.

III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Relief from Judgment (Docket No. 517) is DENIED.

DATED   December 20, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge