UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS STEWART CARTER, <br><br> Petitioner, <br><br> v. <br><br> SCOTT CROWTHER, WARDEN, UTAH STATE PRISON, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS <br><br> 2:02-CV-326 TS <br><br> District Judge Ted Stewart |

The Tenth Circuit Court of Appeals remanded this case after determining that Carter should be allowed to supplement his claims based upon the discovery of *Brady/Napue* evidence relating to prosecutorial misconduct and suppression of evidence.[1]  The question before this Court is whether Carter should also receive a stay while he exhausts these claims in state court. Carter moves this Court for an order, pursuant to *Rhines*,[2] staying his federal habeas corpus proceedings and holding them in abeyance while he pursues relief in the Utah courts in a state post-conviction petition. (Docket. No. 558). Carter also requests that the statute of limitation be tolled. While Respondent does not object to this Court granting a *Rhines* stay while Carter exhausts the *Brady/Napue* (Tovar) claims already raised in his current state post-conviction case, he does object to the statute of limitations being tolled while Carter seeks that relief.

---

[1] *Carter v. Bigelow,* 787 F.3d 1269, 1273 (10th Cir. 2015).

[2] *Rhines v. Weber*, 544 U.S. 269 (2005).

1

The victim's representative, in his response to Carter's motion to stay, has requested that this Court exercise its discretion and refuse to stay the proceedings.  He argues that Carter's *Brady/Napue* claims are not potentially meritorious, that the petitioner has been dilatory, and that a stay would violate the victim representative's rights as well as the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) by unduly prolonging this case.

Carter has also filed his motion to supplement the petition (Docket. No. 564) as allowed by the Tenth Circuit.  Respondent has moved this Court to stay the time to respond to Carter's motion to supplement (Docket. No. 566), on the ground that since the claims Carter wishes to supplement depend on the merits of his *Brady/Napue* claims, efficiency and fairness will both be served by allowing full exhaustion of the claims before determining how and to what extent those claims affect the claims Carter hopes to supplement.

The court has carefully reviewed the submitted memoranda and has concluded that oral argument is not necessary.  See DUCivR 7-1(f).

### Carter's Renewed Motion to Stay Proceedings Pursuant to *Rhines v. Weber*

In his motion, Carter requests an order pursuant to *Rhines,* staying his federal habeas corpus proceedings and holding them in abeyance while he pursues relief in the Utah courts in a state post-conviction petition.  He also requests that the statute of limitations be tolled.  The claims that Carter is in the process of exhausting in state court are based on newly discovered material evidence of false testimony and suppressed evidence, evidence which Carter and his counsel claim they were denied for nearly twenty-six years.  Should the Utah courts deny relief on his claims, Carter will promptly return to this Court and seek relief.  Absent a stay-and-abeyance order, the one-year statute of limitations imposed by AEDPA could bar Carter from returning to this Court following the exhaustion of his claims.

2

Prior to the AEDPA, when a petitioner filed a mixed petition, the district court was required to dismiss it, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."[3]   Because there were no timeliness requirements for federal habeas corpus petitions, returning to state court to exhaust claims carried few consequences for the petitioner. AEDPA "dramatically altered the landscape for federal habeas corpus petitions."[4]   It preserved the total-exhaustion requirement,[5] but it also added a one-year statute of limitations on the filing of federal petitions.[6]   Thus, if this Court were to withdraw Carter's federal petition without prejudice to allow him to return to state court to exhaust, he may still be barred from filing a supplemental or second petition because of AEDPA's strict one-year statute of limitation.

To eliminate the dilemma created by the AEDPA's limitations period combined with the total exhaustion requirement, the United States Supreme Court in *Rhines* held that a district court should "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."[7]   A stay and abeyance is only appropriate when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner

---

[3] *Rose v. Lundy,* 455 U.S. 509, 510 (1982).

[4] *Rhines,* 544 U.S. at 274.

[5] *See* 28 U.S.C. § 2254(b)(1)(A).

[6] *Id.* § 2244(d).

[7] *Rhines* 544 U.S. at 275–76.

engaged in intentionally dilatory litigation tactics."[8]  In fact, if those criteria are met, "it would

be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition."[9]

The victim representative in this case asks the Court to exercise its discretion to decide

that Carter's claim is not potentially meritorious, that he has been dilatory, and that a stay would

violate the victim's rights and the purpose of AEDPA by unduly prolonging this already delayed

case.  The Court understands the victim representative's frustration and desire for proceedings

free from unreasonable delay.  However, the Court finds that Carter meets all of the *Rhines*

requirements for a stay and abeyance.  Therefore, the Court will grant the *Rhines* motion.

The Respondent does not object to this Court granting a *Rhines* stay.  He does object,

however, to Carter's request that the statute of limitations be tolled.  He does not provide any

rationale for his objection, and the Court agrees with Carter that the holding in *Rhines* was

specifically designed to support the "twin purposes" of AEDPA, to reduce delay and promote

finality.[10]  It did so through the tolling provision of 28 U.S.C. § 2244(d)(2), which "'balances the

interests served by the exhaustion requirement and the limitation period' 'by protecting a state

prisoner's ability later to apply for federal habeas relief while state remedies are being

pursued.'"[11]  Thus, it is explicitly contemplated by *Rhines* that a stay will necessarily include

tolling of the statute of limitations.

### Carter's Motion to Supplement

The Tenth Circuit Court of Appeals remanded this case "with directions to allow

supplementation based on" Carter's *Brady/Napue* claims, and "to determine in the first instance

---

[8] *Id.* at 278.

[9] *Id.*

[10] *Id.* at  276–77.

[11] *Id*. at 276 (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

whether any additional supplementation or amendment" is warranted based on those claims.[12] At the same time he filed his renewed *Rhines* motion to stay and hold in abeyance, Carter filed his motion to supplement, alleging generally that many or most of his habeas claims ought to be supplemented in light of the Tovar claims.[13]  But because Carter's motion to supplement depends on the Tovar claims, which have neither been exhausted nor factually developed, it is unclear whether and to what extent the Tovar claims ought to inform the remainder of Carter's claims.  Both Carter and Respondent agree that Carter must first exhaust his new claims in state court.  Since Carter's supplementation request depends on the effect, if any, the Tovar material will have on his other claims, it is premature for this Court to decide whether to permit Carter to supplement those claims until the exhausted Tovar claims return from state court.

Respondent has filed a motion to stay time to respond to Carter's motion to supplement the petition.  Carter has no objection to Respondent's request, but he does ask that he be allowed to update his motion to supplement the petition with the information obtained in state court before Respondent files his response. The Court will instead deny Carter's motion to supplement without prejudice.  That way Carter can re-file a comprehensive motion to supplement after the state proceedings have concluded.

## Conclusion

The Tenth Circuit found that AEDPA concerns of finality, comity, and federalism were not detracted from by allowing Carter to supplement his habeas petition.[14]  Because of the nature of the claims, none of these principles weighs against a *Rhines* stay either.  Judicial efficiency is

---

[12]  *Carter*, 787 F.3d at 1281.

[13]  *See generally*  Docket. No. 564,  at 1.

[14] *Carter,* 787 F.3d at 1279.

best served by a stay, as it would prevent piecemeal and concurrent litigation, and state court relief would eliminate the need for this proceeding.

This Court hereby grants Petitioner's Renewed Motion to Stay Proceedings Pursuant to *Rhines v. Weber* (Docket. No 558).  Mr. Carter's federal habeas corpus proceedings will be stayed and held in abeyance while he returns to the Utah state courts to seek a ruling on the Tovar claims. The statute of limitation will be tolled while Carter seeks relief in state court.

The Court denies Carter's Motion to Supplement the Petition (Docket. No. 564) without prejudice, allowing Carter to re-file a comprehensive motion to supplement the petition, including the information obtained in state court, after the state court proceedings have concluded.

The Court also grants Respondent's Motion to Stay (Docket. No. 566).  The Court will establish a briefing schedule for Petitioner to file a new motion to supplement and Respondent's response thereto after Petitioner's claims have been exhausted in state court.

Petitioner is directed to file with the Court every six months a status report, informing the Court of the status of the state court proceedings.

DATED this 29th day of February, 2016.

BY THE COURT:

TED STEWART
United States District Judge